**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Billy Dean BURNS, Defendant–Appellant.**

**No. 90–5160.**

United States Court of Appeals, Tenth Circuit.

June 3, 1991.

**1158**

Billy Dean Burns, pro se.

Tony M. Graham, U.S. Atty., and Catherine J. Depew, Asst. U.S. Atty., Tulsa, Okl., for plaintiff-appellee.

Before ANDERSON, TACHA, and BRORBY, Circuit Judges.

TACHA, Circuit Judge.

Defendant-appellant Billy Dean Burns, a prisoner at the Federal Correctional Institution in El Reno, Oklahoma, appeals the denial of his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. We affirm.[1]

In 1965, defendant pleaded guilty to three counts of second degree burglary in Kansas state court. He was sentenced to five to ten years' imprisonment and was paroled in May 1974. On September 8, 1981, while imprisoned for a different offense, defendant received a Certificate of Discharge relating to the 1965 convictions. This certificate states all civil rights lost by operation of law upon commitment, including but not limited to the right to vote, the right to hold public office, and the right to serve on a jury, are restored.

Defendant was charged with forgery in Oklahoma state court on November 10, 1978. On November 22, 1978, he was charged in federal district court with conspiracy to possess with intent to distribute amphetamine. Defendant was convicted and sentenced to five years' imprisonment on both charges. He was released from federal custody on September 19, 1984. Defendant returned to federal custody, however, following an arrest on December

19, 1984. He was discharged from federal custody on March 14, 1986.

On June 4, 1987, a federal grand jury returned the one-count indictment in this case charging defendant with receipt and possession of a firearm after a former conviction of a felony in violation of 18 U.S.C. § 922(g)(1). The indictment states:

> On or about January 6, 1987, in the Northern District of Oklahoma, defendant BILLY DEAN BURNS, having been convicted on or about September 29, 1965, in the 14th Judicial District of the State of Kansas, Montgomery County, Kansas, of burglary in the second degree, a felony, did knowingly and unlawfully receive and possess in commerce or affecting commerce a firearm....

On August 21, 1987, the government filed an information to enhance the range of punishment under section 922(g)(1) pursuant to 18 U.S.C. § 924(e)(1). The information claimed defendant had three previous convictions by a court for a violent felony and/or a serious drug offense, including the three 1965 burglary convictions in Kansas state court and the 1978 drug conviction in federal district court. Defendant pleaded guilty to the charge against him. The court sentenced him to twenty years' imprisonment without parole but later reduced this sentence to fifteen years' imprisonment without parole.

Defendant filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. He asserted four grounds for relief: (1) the indictment failed to properly state the elements of an offense and the 1965 burglary convictions were improperly considered for sentence enhancement pursuant to section 924(e)(1) because defendant's civil rights had been fully restored in relation to these convictions; (2) the sentence enhancement was improper because the 1965 convictions were for commercial burglaries, which do not trigger the enhancement provisions of section 924(e)(1); (3) the enhancement was

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.

App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

improper because the 1965 convictions were adjudicated simultaneously; and (4) the counsel for defendant was ineffective.

In an order entered March 2, 1990, the district court required the government to further brief defendant's claim that the 1965 convictions were improperly used to enhance his sentence pursuant to section 924(e)(1) because his civil rights had been fully restored in relation to these convictions. The court found defendant's other arguments were without merit.

On July 3, 1990, the district court again considered whether defendant's sentence had been improperly enhanced. The court concluded the 1965 convictions were properly used to enhance defendant's sentence pursuant to section 924(e)(1) because defendant was still under state firearms restrictions at the time he was arrested for violating section 922(g)(1). Defendant timely appeals this decision.

■ Defendant's voluntary plea of guilty is an admission of all facts and that judgment is not subject to collateral attack. *See Davis v. United States,* 392 F.2d 291 (10th Cir.), *cert. denied,* 393 U.S. 986, 89 S.Ct. 461, 21 L.Ed.2d 447 (1968). Defendant is not foreclosed, however, from claiming his sentence was improperly enhanced. *See United States v. Clawson,* 831 F.2d 909, 914–15 (9th Cir.1987), *cert. denied,* 488 U.S. 923, 109 S.Ct. 303, 102 L.Ed.2d 322 (1988).

We review this question of statutory interpretation de novo. *See Boise City Farmers Co-op v. Palmer,* 780 F.2d 860, 866 (10th Cir.1985). The statute under which defendant was charged, 18 U.S.C. § 922(g)(1), makes it unlawful for any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to possess a firearm. The provision under which the court enhanced defendant's sentence, section 924(e)(1), states that a person who is convicted under section 922(g)(1) and has three previous convictions for a violent felony or a serious drug offense shall be imprisoned for not less than fifteen years without parole.

Section 924(e)(2)(B) defines a "violent felony" as any crime punishable by imprisonment for a term exceeding one year that falls within certain statutory categories. A "crime punishable by imprisonment for a term exceeding one year" is defined in 18 U.S.C. § 921(a)(20):

> What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

■ Defendant contends the government did not prove he had been previously convicted of three violent felonies or serious drug offenses and therefore his sentence should not have been enhanced pursuant to section 924(e)(1). He argues the three 1965 convictions listed in the information were not violent felonies within the statutory definition because the Certificate of Discharge relating to these convictions restored his civil rights without expressly stating defendant could not possess a firearm. The government asserts these convictions were properly used as the basis for enhancing defendant's sentence because Kansas law prohibited defendant from possessing a firearm at the time of the instant offense.

Courts interpreting section 922(g)(1) have held that in determining whether a state has restored a convicted felon's privilege to possess a firearm, one must look to the whole of state law rather than simply to the certificate granting the restoration of civil rights. *See, e.g., United States v. McLean,* 904 F.2d 216, 218–19 (4th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 203, 112 L.Ed.2d 164 (1990); *United States v. Cassidy,* 899 F.2d 543, 549 (6th Cir.1990). *But see, United States v. Erwin,* 902 F.2d 510, 512–13 (7th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 161, 112 L.Ed.2d 127 (1990).

These courts have held an individual may be charged under section 922(g)(1) if he could not legally possess a firearm in the state in which he was previously convicted. *See McLean*, 904 F.2d at 219; *Cassidy*, 899 F.2d at 549–50.

For example, the defendant in *Cassidy* was released from prison after serving his sentence for trafficking in marijuana. 899 F.2d at 544. He received a "Restoration of Civil Rights" certificate from the Ohio Adult Parole Authority restoring the rights he had forfeited because of that conviction. The certificate did not expressly limit the defendant's right to possess a firearm. The defendant later was charged under section 922(g)(1). The prior drug conviction was the predicate offense for this charge. *Id.* The court noted Ohio law prohibits an individual who has been convicted of a drug offense from possessing a firearm. Because the defendant was prohibited from possessing a firearm in Ohio as a result of the prior drug conviction, the court determined the state had not restored the defendant's right to possess a firearm. The court concluded the prior drug conviction could therefore serve as a predicate offense for the charge under section 922(g)(1). *Id.* at 549–50.

In reaching this result, the court in *Cassidy* reviewed the legislative history of the Firearms Owners' Protection Act, Pub.L. No. 99–308, 100 Stat. 449, which included the current version of section 922(g). Based on the legislative history, the court in *Cassidy* found Congress intended courts to look to the whole of state law to determine whether a felon's civil rights have been restored for purposes of section 921(a)(20). *Id.* at 548. The court concluded:

> It is axiomatic that if we must look to the whole of state law in order to determine whether a felon's civil rights have been restored, as opposed to looking only to an order or certificate, we must also look to the whole of state law in order to determine if his firearms privileges have been expressly restricted.

*Id.* at 546.

The district court applied the analysis utilized by the court in *Cassidy* in conclud-ing defendant's sentence was properly enhanced under section 924(e)(1). Under this approach, "restoration" is essentially read to mean the act of restoring rights under the whole of state law, not merely under the terms of the document, if any, announcing the restoration. *See Cassidy*, 899 F.2d at 548–49. Kansas prohibits an individual from possessing a firearm with a barrel less than twelve inches long within five years of his or her release from imprisonment for a felony. Kan.Stat.Ann. § 21–4204(1)(b) (Supp.1990). The district court found defendant was subject to this restriction when he committed the instant offense on January 6, 1987. The court concluded the 1965 convictions were violent felonies within the meaning of sections 921(a)(20) and 924(e)(2)(B) because defendant was subject to a firearms disability at the time he committed the present offense.

We agree with the result reached by the district court. Defendant received a document purporting to restore the civil rights he forfeited as a result of the 1965 burglary convictions. Although this document purported to restore all civil rights plaintiff lost because of the 1965 convictions, it in fact did not restore plaintiff's right to possess firearms. *Compare* Kan.Stat.Ann. § 21–4615 (1988) (providing that upon conviction of a felony, one loses the right to vote, hold public office, or sit on a jury, but not mentioning the right to possess firearms) and Kan.Stat.Ann. § 22–3722 (Supp. 1990) (providing the civil rights lost by operation of law may be restored once the sentence is discharged) *with* Kan.Stat.Ann. 21–4204(b) (Supp.1990) (prohibiting felons from possessing certain firearms within five years of release).

When defendant received the document in September 1981, he was incarcerated. Defendant remained incarcerated until September 19, 1984. He returned to prison following an arrest in December, 1984 and remained there until March 14, 1986. Section 21–4204(b) therefore prohibited defendant from possessing a firearm until March 1991. Looking to the whole of state law, we conclude defendant was still subject to

the firearms disability found in section 21–4204(b) at the time of his current conviction despite the language in the Certificate of Discharge. His right to possess a firearm was never effectively restored following the 1965 convictions. Those convictions therefore qualify as "violent felonies" under sections 921(a)(20) and 924(e)(2)(B) and can serve as a basis for enhancing defendant's sentence pursuant to section 924(e)(1). We AFFIRM. The mandate shall issue forthwith.

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.