7 F.3d 227
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Robert Eugene ELLIS, Defendant-Appellant.
 No. 92-5896.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: July 15, 1993.
Decided: September 20, 1993.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (CR-91-69-BO)
 G. Alan DuBois, Assistant Public Defender, Raleigh, North Carolina, for Appellant.
 James R. Dedrick, United States Attorney, Christine B. Hamilton, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.
 E.D.N.C.
 AFFIRMED.
 Before HALL and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Robert E. Ellis was charged by a federal grand jury with possession of a short-barrel shotgun in violation of 18 U.S.C.A. § 922(g) (West Supp. 1993) (Count One), possession of a short-barrel shotgun in violation of 26 U.S.C. § 5861(c) (1988) (Count Two), and possession of an unregistered firearm in violation of 26 U.S.C.s 5861(d) (1988) (Count Three). Ellis pled guilty to Counts One and Three.
 
 
 2
 The Government sought an enhanced sentence based on Ellis's status as an armed career criminal pursuant to 18 U.S.C.A. § 924(e)(1) (West Supp. 1993).[1] In accordance with that section, and over Ellis's objections, the district court sentenced Ellis to fifteen years imprisonment. Ellis appeals, contending that the district court improperly considered one of his prior state convictions in assessing his armed career criminal status. Finding no error, we affirm.
 
 
 3
 Ellis was convicted in 1978 of three counts of breaking and entering and larceny for events that occurred in 1977. Ellis was paroled on those charges on November 27, 1979, and granted an unconditional discharge on November 28, 1979. In 1982, Ellis was convicted of robbery with a dangerous weapon for events occurring in 1981. Ellis was paroled on June 26, 1986, and unconditionally discharged in August 1986. Finally, Ellis was convicted of larceny and breaking and entering for events that occurred in 1988. Ellis was paroled and terminated from supervision in June 1990.
 
 
 4
 The district court relied on all of the above convictions in determining that Ellis was an armed career criminal within the meaning of § 924(e). Ellis contends that the district court erred by including the 1978 convictions, because his civil rights had been restored as to those convictions, thereby rendering them outside the definition of countable convictions of 18 U.S.C.A. § 921(a)(20) (West Supp. 1993).[2]
 
 
 5
 We review de novo a district court's decision to sentence a defendant as an armed career criminal. United States v. Burns, 934 F.2d 1157, 1159 (10th Cir. 1991). cert. denied, 60 U.S.L.W. 3581 (U.S. 1992).
 
 
 6
 We recently addressed the precise issue involved in this case and rejected the argument advanced here by Ellis. In United States v. Clark, F.2d, No. 92-5407 (4th Cir. May 13, 1993), we held that a state conviction for a violent felony is not excluded from consideration under § 924(e) by § 921(a)(20) until the law of the relevant state effectively restores to the defendant the right to possess firearms. Clark, slip op. at 7. This case, like Clark, is subject to North Carolina law.
 
 
 7
 Under North Carolina law, a defendant who has served his time and has been unconditionally discharged from supervision is issued a certificate of unconditional discharge and his civil rights are restored. See N.C. Gen. Stat. §§ 13-1, 13-2 (1991). For five years following the unconditional discharge, however, the defendant is prohibited from possessing certain types of firearms. See N.C. Gen. Stat. § 14-415.1 (1991).
 
 
 8
 Ellis was unconditionally paroled for his 1978 convictions in November 1979, and his right to possess a firearm would have been restored in November 1984. Before that date, however, Ellis was convicted in 1982 of robbery with a dangerous weapon, for which he was denied the right to possess a firearm until August 1991, five years after his unconditional discharge in August 1986. Before August 1991, however, Ellis was again convicted of larceny and breaking and entering in 1988, and was not again discharged from custody until June 1990. Before his right to possess firearms would have been restored in June 1995, Ellis committed the present federal offenses in March 1990.
 
 
 9
 We find that because Ellis was never out of the state's custody for five full years between felony convictions, North Carolina has continuously barred him from carrying a firearm since 1978. Clark, slip op. at 7. Thus, the district court properly considered all of his convictions under § 924(e). Id; see also Davis v. United States, 972 F.2d 227, 231 (8th Cir. 1992), cert. denied, 61 U.S.L.W. 3584 (U.S. 1993) (under § 921(a)(20), a prior conviction is counted if the defendant may not legally possess a firearm in the state that convicted him). Burns, 934 F.2d at 1160-61.
 
 
 10
 Accordingly, we affirm the order of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 That section provides:
 In the case of a person who violates § 922(g) of this title and has three previous convictions by any court referred to in § 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than 15 years....
 
 
 [2]
 18 U.S.C.A. § 921(a)(20) states:
 What constitutes a conviction of [a crime punishable by imprisonment for a term exceeding one year] shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms. (emphasis added).