33 F.3d 53
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Phillip Antonio OWENS, Defendant-Appellant.
 No. 93-5823.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 24, 1994.
Decided Aug. 17, 1994.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Frank W. Bullock, Jr., Chief District Judge. (CR-93-50-2)
 Danny T. Ferguson, Winston-Salem, NC, for appellant.
 Benjamin H. White, Jr., U.S. Atty., Scott P. Mebane, Asst. U.S. Atty., Greensboro, NC, for appellee.
 M.D.N.C.
 AFFIRMED.
 Before MURNAGHAN and WILLIAMS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Phillip Antonio Owens appeals from convictions and sentences imposed after Owens was found guilty of bank robbery with a dangerous weapon and use of a firearm during a bank robbery, in violation of 18 U.S.C.A. Sec. 2113(d) (West 1984 & Supp.1994) and 18 U.S.C.A. Sec. 924(c)(1) (West 1975 & Supp.1994), respectively. We affirm.
 
 
 2
 Owens first complains that the district court improperly denied his motions for acquittal. His claim is without merit. Owens does not allege that the elements of the crimes were not brought out during trial. Rather, he alleges that, because his co-defendant's testimony was vital to his conviction, the evidence was insufficient. Owens's claim is that his co-defendant was incredible because he had pled guilty and was cooperating with the government. This Court reviews the sufficiency of the evidence to determine " 'whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Mills, 995 F.2d 480, 483 (4th Cir.), cert. denied, 62 U.S.L.W. 3252 (U.S.1993) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). Our review of the trial transcripts reveals that the elements of both crimes were proven at trial, much of it by Owens's co-defendant's testimony. We do not sit to review the jury's credibility determination of Owens's codefendant. United States v. Locklear, 829 F.2d 1314, 1317 (4th Cir.1987). Thus, Owens's claim is without merit.
 
 
 3
 Owens next claims that the district court erred in denying his motion to suppress identifications from a photographic array. His contention is baseless. The district court found that the photographic array contained five individuals other than Owens, all of similar appearance and complexion and all photographed in similar settings. Therefore, the district court denied Owens's claim that the array was unduly suggestive.
 
 
 4
 We review the district court's decision in two parts. First, the factual determinations are reviewed for clear error; second, the legal determinations below are reviewed de novo. United States v. Rusher, 966 F.2d 868, 873 (4th Cir.), cert. denied, 61 U.S.L.W. 3285 (U.S.1992). Owens has provided no more than a conclusory allegation that the array was suggestive. The transcript of the hearing on Owens's motion to suppress, however, reveals that the array was so neutral that even the district court judge, like two of the eyewitnesses to the crime, could not find Owens's picture among the six in the array. The court's factual finding that the pictures were not suggestive in any way is not in error. Because Owens must show that the identification was impermissibly suggestive and unreliable, see Manson v. Brathwaite, 432 U.S. 98 (1977), his claim cannot succeed.
 
 
 5
 Owens next contends that the district court erred in allowing his co-defendant to testify. He claims that the co-defendant had previously given a false statement to the FBI and then testified contrary to the statement at trial. The claim was not raised at trial, and Owens fails to support his claim. The record likewise reveals no support for the claim. Thus, we find no plain error, as would be required to find for Owens on this claim. United States v. Olano, 61 U.S.L.W. 4421, 4423 (U.S.1993).
 
 
 6
 Owens's final claim of error is that he was wrongly sentenced as a career criminal pursuant to United States Sentencing Commission, Guidelines Manual, Sec. 4B1.1 (Nov.1993). We review this claim de novo. United States v. Burns, 934 F.2d 1157, 1159 (10th Cir.1991), cert. denied, 60 U.S.L.W. 3581 (U.S.1992).
 
 
 7
 Owens first claims that one of his underlying convictions was not a felony. Initially, we note that Owens did not raise this claim in the district court. Thus, he has forfeited review of this error unless it amounts to plain error. Olano, 61 U.S.L.W. at 4423-24. There was no error in this case. Owens concedes that his prior state conviction was for assault on a female. In North Carolina, this offense is punishable by more than one year in prison. N.C. Gen.Stat.Sec. 14-33(b)(2) (1993). Under the commentary to U.S.S.G. Sec. 4B1.2, this type of conviction is counted as a felony. Therefore, Owens cannot prevail on this claim.
 
 
 8
 Owens next claims that there was no "conviction" on the assault charge. This claim was raised below. It is, however, meritless.
 
 
 9
 A diversionary disposition is not counted in computing criminal history unless it resulted from a finding or admission of guilt in a judicial proceedings against an adult. U.S.S.G. Sec. 4A1.2(f) (Nov.1993). Certified state records produced at sentencing reveal that the diversionary disposition Owens received on the assault charges resulted from a plea and finding of guilt. Owens produced nothing to overcome this evidence. See United States v. Terry, 916 F.2d 157, 162 (4th Cir.1990). Thus, the district court properly counted the conviction.
 
 
 10
 Owens does not attack the other underlying conviction. Therefore, we find that he was properly sentenced as a career criminal. We affirm the district court judgment and sentence. Because Owens's appeal has been decided, his motion for release pending appeal is now moot; we deny it for that reason. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED