# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2145/98-2146

_____

| | | |
|---|---|---|
| Eddie David Cox, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Missouri. |
| | * | |
| United States of America, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: March 16, 2000

Filed: April 5, 2000

_____

Before HANSEN and FAGG, Circuit Judges, and NANGLE,[1] District Judge.

_____

PER CURIAM.

Eddie David Cox was convicted of six counts of impersonating a federal agent, one count of possession of cocaine with the intent to distribute, two counts of being a felon in possession of a firearm, and two counts of interference with interstate commerce by robbery. The district court sentenced Cox to 36 months on each impersonation charge, 240 months on each robbery charge, 360 months on the drug-related charge, and life imprisonment on both firearm counts. When Cox filed a 28

_____

[1]The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri, sitting by designation.

U.S.C. § 2255 motion to vacate, set aside, or correct judgment and sentence, the district court reduced his 360-month drug offense sentence to 210 months and denied the balance of his motion without an evidentiary hearing. Cox also moved unsuccessfully for a reduction of his sentence under 18 U.S.C. § 3582(c)(2). Cox appeals, and we affirm.

Cox first contends the district court committed error in denying his § 2255 motion without an evidentiary hearing. We disagree. The district court properly denied Cox's § 2255 motion without a hearing because Cox's allegations, accepted as true, do not entitle him to relief. See Payne v. United States, 78 F.3d 343, 347 (8th Cir. 1996). In his § 2255 motion, Cox alleges he received ineffective assistance of counsel because his trial attorney adopted a defense strategy focusing on the lack of physical evidence supporting the Government's case rather than following Cox's suggested strategy of claiming he "was only extorting money from [a drug dealer], rather than robbing him" (Appellant's Br. at 20) and because Cox's trial counsel did not engage in a reasonable investigation to support Cox's theory of defense. Cox cannot prevail on this claim of ineffective assistance because Cox has not shown that, given the alternative trial strategy suggested by Cox, his counsel's strategy was either unconstitutionally unreasonable or prejudicial to Cox. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Payne, 78 F.3d at 345-48.

Cox also claims his counsel was ineffective for failing to argue that the armed career criminal enhancement, see 18 U.S.C. § 924(e), did not apply to Cox. Specifically, Cox alleges he received a Kansas Certificate of Discharge (certificate), which restored his civil rights after a 1960 state kidnapping conviction and thus prohibited counting the kidnapping conviction as one of the three predicate offenses required to apply the enhancement. Again, we disagree. As the district court concluded, the certificate did not restore Cox's right to possess firearms for five years after his release from prison. Due to Cox's extensive criminal activity, he has not been out of prison for a total of five years since the issuance of the certificate and so the

certificate has not yet become effective. At his 1990 sentencing, Cox, then age 55, told the district court that since age 21 he had been out of prison only for a combined total of three years. App. at 437. See United States v. Burns, 934 F.2d 1157, 1159-61 (10th Cir. 1991). Because the kidnapping conviction could be counted against Cox in applying the enhancement, Cox's claim is meritless and his trial counsel did not provide ineffective assistance for failing to raise the issue.

Finally, Cox appeals the district court's denial of his § 3582(c)(2) motion to reduce his sentence, contending the district court improperly used Cox's earlier convictions for the unlawful possession of a firearm to enhance his felon in possession sentences. This claim is also meritless. At sentencing, Cox's presentence investigation report (PSIR) recommended that Cox be deemed a career offender. See USSG §4B1.1 (1988). The career offender guideline requires that the instant offense of conviction triggering the application of the career offender guideline be either a controlled substance offense or a crime of violence. Cox had both types of convictions. Count I and Count III were both controlled substance offenses, and Counts IV and VII (both Hobbs Act robberies) were crimes of violence. The PSIR used the controlled substance offenses as the triggering convictions. Count I (conspiracy to distribute controlled substances) drove the career offender guideline to a maximum level of 37, which resulted in a sentencing range of 360 months to life. Although Cox's conviction on Count I was vacated on his direct appeal, that still left Cox's conviction on Count III (possession of cocaine with intent to distribute) as the required instant offense of conviction to trigger the career offender guideline. Cox also had the two necessary predicate prior convictions for either a crime of violence (his 1970 federal bank robbery conviction) or a controlled substance offense (his 1970 federal conviction for conspiracy to violate the narcotic laws) required by the career offender guideline, without considering whether or not his prior conviction for being a felon in possession of a firearm is or is not a crime of violence countable for career offender guideline purposes. Consequently, Amendment 433, which provides that the offense of felon in possession of a firearm is not a crime of violence, and upon which Cox bases his §

3582(c)(2) motion for reduction of sentence, has no application to Cox's case. Accordingly, the district court committed no error in refusing to grant Cox's motion to reduce his sentence under § 3582(c)(2).

It is clear from the sentencing transcript that the district court knew that a life sentence was authorized to be imposed on Cox on the two counts of felon in possession of a firearm either by virtue of the career offender guideline range of 360 months to life or under the firearms statute, 18 U.S.C. § 924(e) [fifteen year mandatory minimum to life]. It is also abundantly clear from the sentencing transcript that the district court was firmly convinced that a life sentence was the only appropriate sentence for the defendant given his extensive history of violent and other serious crimes, and that only a life sentence without parole would protect society from him. Cox was well known to the able and experienced district judge who took the time at sentencing to review the previous times the court had had the occasion to sentence the defendant, and to explain why and how Cox was well-deserving of a life sentence. App. at 428-41. There is no doubt that Cox had the three requisite prior felony convictions to justify the application of § 924(e)'s enhanced exposure to a life sentence. His prior convictions for assault and kidnapping in 1960, federal bank robbery in 1970, and conspiracy to violate the federal narcotic laws in 1970 qualified him for a life sentence under § 924(e)(1) & (2) (enhancement applies if defendant has three previous convictions for violent felonies or serious drug offenses). We conclude, based on a thorough review of the record before us, that the district court properly sentenced Cox to a term of life in prison on both of the felon in possession of a firearm counts, and that the district court committed no error in denying Cox § 2255 relief from his life sentences.

We thus affirm the judgment of the district court.

A true copy.

Attest:

       CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.