UNITED STATES of America,
Plaintiff–Appellee,

v.

Albert Thomas CLARK, Defendant–
Appellant.

No. 92–5407.

United States Court of Appeals,
Fourth Circuit.

Argued Feb. 5, 1993.

Decided May 13, 1993.

Dean Robert Davis, Wilmington, NC, argued, for defendant-appellant.

David Paul Folmar, Jr., Asst. U.S. Atty., Raleigh, NC, argued (Margaret Person Currin, U.S. Atty., on brief), for plaintiff-appellee.

Before ERVIN, Chief Judge,
NIEMEYER, Circuit Judge, and WARD,
Senior United States District Judge for the
Middle District of North Carolina, sitting by
designation.

## OPINION

NIEMEYER, Circuit Judge:

Late in the evening of June 21, 1991, Albert Thomas Clark fired several shots from a small handgun during an altercation in the parking lot of Staggers Bar in Wilmington, North Carolina. He was shortly thereafter arrested with the gun still in his left hand. It turned out that the handgun had been reported stolen some two months earlier from the home of an acquaintance of Clark after it disappeared during a period when Clark was visiting. Clark was indicted for and convicted of possession of a firearm by a

convicted felon, in violation of 18 U.S.C. § 922(g), and possession of a stolen firearm, in violation of 18 U.S.C. § 922(j). Because he had three prior "violent felony" convictions, he was sentenced as an "armed career criminal" under the provisions of 18 U.S.C. § 924(e) and received a sentence of 235 months imprisonment.

Clark's principal contention on appeal is that, with respect to some of the specific prior offenses relied on to enhance his sentence, his civil rights had been restored under North Carolina law and therefore convictions for these offenses could not form the basis for his enhanced sentencing under § 924(e). He also contends with respect to his conviction under § 922(g) that the government's failure to prove that his civil rights and right to possess a firearm had not been restored required a verdict of acquittal.

For the reasons that follow, we reject his arguments and affirm the judgment of the district court.

I

Clark's sentence was enhanced under the provisions of 18 U.S.C. § 924(e), which states:

> In the case of a person who violates § 922(g) of this Title and has three previous convictions by any court referred to in § 922(g)(1) of this Title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than 15 years....

Thus to bring a defendant under the provisions of § 924(e) the government must show: (1) the defendant has three previous convictions by any court; (2) the convictions are of the type referred to in § 922(g)(1); (3) they are convictions for either a violent felony or a serious drug offense; and (4) the offenses supporting the convictions were committed on different occasions. While § 924(e) defines what is a "violent felony" or a "serious drug offense," it also requires that the conviction be of the type specified in § 922(g)(1).

That section refers to conviction in any court of "a crime punishable by imprisonment for a term exceeding one year," a term in turn defined in the applicable definitions section:

> What constitutes a conviction of [a crime punishable by imprisonment for a term exceeding one year] shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, *unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.*

18 U.S.C. § 921(a)(20) (emphasis added). Section 924(e) thus incorporates by reference § 921(a)(20)'s definition of "crime punishable by imprisonment for a term exceeding one year," *see United States v. Lender,* 985 F.2d 151, 155 (4th Cir.1993), including § 921(a)(20)'s exclusion from that definition of any conviction for which a defendant has had civil rights *and* the right to carry a firearm restored, *see United States v. Traxel,* 914 F.2d 119, 122 (8th Cir.1990). We have held that when determining whether state law provides that a defendant's civil rights have been restored, the court must look "to the whole of state law" and not just simply to the face of a certificate restoring to a defendant his civil rights. *See United States v. McLean,* 904 F.2d 216, 218 (4th Cir.), *cert. denied,* 498 U.S. 875, 111 S.Ct. 203, 112 L.Ed.2d 164 (1990). The court in *McLean* held that the provisions of the North Carolina Felony Firearms Act, N.C.Gen.Stat. § 14–415.1, must be consulted in determining whether North Carolina has restored to a person a right to possess a firearm, a condition required by 18 U.S.C. § 921(a)(20) to exclude consideration of a conviction.

At the time of his arrest in this case, Clark had been convicted in North Carolina for 18 prior crimes, beginning in October 1977.[1]

---

1. (1) Breaking and entering on October 28, 1977; (2) breaking and entering on November 14, 1977; (3) misdemeanor larceny on July 24, 1978; (4) carrying a concealed weapon on April 25, 1977; (5) breaking and entering on February 19, 1981; (6) breaking and entering a motor vehicle on

Five breaking and entering convictions are pertinent to his sentencing in this case—the breaking and entering: (1) of the A & M Company on October 28, 1977; (2) of the Simon Construction Company on November 14, 1977; (3) of Lee's Paint and Hardware on February 19, 1981; (4) of Lisk Heating and Air Conditioning on November 9, 1984; and (5) of the residence of William Green on December 22, 1984.[2]

Under North Carolina law, once a defendant has served his time and has been unconditionally discharged from supervision by the Department of Corrections, he is issued a certificate of unconditional discharge and his civil rights are restored. *See* N.C.Gen.Stat. §§ 13–1 and 13–2. For five years after the unconditional discharge of a defendant by the North Carolina Department of Corrections, however, the defendant is nevertheless prohibited from possessing certain types of firearms. *See* N.C.Gen.Stat. § 14–415.1 (providing that a convicted felon may not possess specified firearms "within five years from the date of [a felony] conviction, or the unconditional discharge from a correctional institution, or termination of a suspended sentence, probation, or parole upon such conviction, whichever is later").

With respect to the first two breaking and entering convictions—in October and November 1977—because Clark was unconditionally paroled in August 1979, his right to possess a firearm would have been restored in August 1984. Before that date, however, he was convicted of the third breaking and entering offense, for which he was denied the right to possess a firearm until June 1989, five years after his unconditional discharge in June 1984. Before June 1989 arrived, however, Clark was again convicted of two breaking and entering offenses, and was not again discharged from custody until November 1987. Before his right to possess firearms would have been restored in November 1992, he committed the present offenses, on June 21, 1991.

■ Clark concedes that the last two breaking and entering convictions are properly considered under § 924(e) because his right to possess a firearm in respect of those two offenses had not been restored.[3] But the statute's requirement of three prior convictions cannot be satisfied, he contends, because with respect to the earlier offenses, if looked at separately, he would have automatically recovered his right to possess firearms five years after his unconditional discharge for each. Since those five-year periods would have elapsed before the commission of the offenses in the instant case, according to Clark the offenses cannot be considered predicates for enhancement under § 924(e). He argues this result is unaffected by the fact that because the five-year periods for each of his various prior convictions overlap, he has never, since his original felony conviction in 1977, had his right to possess a firearm restored under North Carolina law.

■ The government, on the other hand, contends that if § 924(e) were construed in the fashion urged by Clark, its whole purpose of punishing career offenders and removing from the streets those that pose a threat of harm to society would be frustrated. *See Taylor*, 495 U.S. at 581, 110 S.Ct. at 2149. The government therefore urges that the Fourth Circuit adopt the holding of *Unit-*

August 22, 1984; (7) breaking and entering on November 9, 1984; (8) breaking and entering on December 22, 1984; (9)–(15) seven forgery offenses between November 9, 1984, and January 10, 1985; (16) driving while impaired (DWI) on August 8, 1988; (17) DWI on February 25, 1990; and (18) DWI on March 18, 1990.

**2.** The government also argues that Clark's conviction for breaking and entering a Plymouth automobile on August 22, 1984, is relevant. Clark contends that the breaking and entering of an automobile is not the sort of activity referred to in § 924(e) as constituting a predicate offense. *Cf. Taylor v. United States*, 495 U.S. 575, 588, 591, 602, 110 S.Ct. 2143, 2152, 2154, 2160, 109

L.Ed.2d 607 (1990) (discussing crimes involving unoccupied automobiles in manner implying such crimes are not included in generic burglary). Because of our ruling in this case that Clark committed three predicate offenses cognizable under § 924(e), we need not decide whether his conviction for breaking and entering an automobile would also be cognizable.

**3.** While Clark also takes the position that the breaking and entering of a building or structure is not a violent felony as defined by § 924(e), he concedes that that issue is now foreclosed by the Supreme Court's decision in *Taylor*, 495 U.S. at 598–99, 110 S.Ct. at 2158.

*ed States v. Burns,* 934 F.2d 1157 (10th Cir. 1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1246, 117 L.Ed.2d 478 (1992), requiring *effective,* not merely formal, restoration of rights to render a prior conviction unavailable for consideration under § 924(e). We believe that the government's position is well taken.

In supplying qualifying factors for what convictions are to be considered under § 924(e), § 921(a)(20) excludes convictions for which state law has restored the defendant's civil rights. While § 921(a)(20) leaves to state law the question of whether the defendant's civil rights have been restored, it overlays a requirement that if the conviction is to be excluded, the restoration of civil rights must include the right to possess firearms. Thus, if all civil rights are restored to a defendant in respect of a conviction, but he is denied the right to possess a firearm, the prior conviction still is not excluded from consideration for enhancement purposes under § 924(e).

It is true that North Carolina law restores to a defendant his civil rights upon his unconditional discharge from the custody of the Department of Corrections, and that it automatically permits the defendant to possess a firearm five years after that discharge. Accordingly, if we were to consider Clark's first three breaking and entering convictions *in isolation,* we would conclude that his civil rights were in fact restored more than five years before the offenses in this case, and therefore, theoretically, his right to possess a firearm would also have been restored. But in determining whether Clark's right to possess firearms has *in fact* been restored, we cannot consider his prior convictions in isolation. In this case, while Clark did receive restoration of his civil rights for his first three breaking and entering convictions, his right to possess firearms was never restored after his 1977 conviction because, in each instance, before five years elapsed he committed another felony. We believe it would undermine the entire purpose of § 924(e), designed to respond to recidivist conduct, to isolate each offense and project what would have happened in the absence of the other offenses. The hard facts remain that since age 16 Clark has never remained free of crime for any lengthy period, and surely never long enough for North Carolina law to restore to him his civil rights *and* right to possess firearms.

We hold therefore as a matter of *federal* law that a state conviction for a violent felony is not excluded from consideration under § 924(e) by the provisions of § 921(a)(20) until the law of the relevant state effectively restores to the defendant the right to possess firearms. Because Clark was never out of the state's custody for five full years between felony convictions, North Carolina has continuously barred him from carrying a firearm since 1977, and all of his convictions since that date may therefore be considered under § 924(e). *See Burns,* 934 F.2d at 1160–61.

## II

■ In respect of his conviction for possession of a firearm by a felon in violation of 18 U.S.C. § 922(g), Clark contends that the government failed to prove at trial that he had previously been convicted of "a crime punishable by imprisonment for a term exceeding one year," because the government failed to establish the previous conviction's continuing vitality. At trial the government relied on a stipulation between the parties that read: "The defendant, Albert Thomas Clark, has been previously convicted of a crime punishable by imprisonment for a term exceeding one year."

Clark argues for the first time on appeal that this stipulation did not go far enough because it did not fulfill the government's burden of showing that with respect to the prior conviction, Clark's civil rights and right to possess a firearm had not been restored. He points out that § 922(g) requires that he previously have been convicted of "a crime punishable by imprisonment for a term exceeding one year," which is defined at 18 U.S.C. § 921(a)(20) to exclude any conviction for which a person has had civil rights and the right to possess a firearm restored. Moreover, we have held that the government must prove, in establishing a predicate conviction under § 922(g), that the defendant's civil rights and right to possess a firearm have not been restored. *See United States v. Essick,* 935 F.2d 28 (4th Cir.1991). Clark

does not argue that his civil rights and right to possess a firearm were, in fact, restored for all prior felony convictions. Rather, he relies only upon the alleged failure of the state to meet its burden of proof on this point.

Clark's argument fails to recognize that the lack of a restoration of civil rights and the right to possess a firearm is not an element of the offense stated in § 922(g). It is simply a component of the definition of the element that the accused have "been convicted in any court of a crime punishable by imprisonment exceeding one year." In this case proof of the entire element was waived by stipulation, relieving the government of its burden. Implicit in Clark's argument is the claim that in stipulating that he had been convicted of "a crime punishable by imprisonment for a term exceeding one year," he did not intend for this phrase to have the same meaning as it does in the statute under which he was accused. Clark offers, however, no explanation of how he came to use the exact wording of the statute without intending the same meaning, particularly in the context of being tried under that statute.

As importantly, Clark's stipulation in the context of the trial clearly carried with it the parties' intent that the government need not prove the element of § 922(g) that Clark had been previously convicted of a crime punishable by imprisonment exceeding one year. The government offered the stipulation into evidence as its final step in proving the § 922(g) count. Following introduction of the stipulation, Clark moved for a judgment of acquittal, never making any argument that the government failed in its burden of proof because it failed to show that Clark's civil rights and right to possess a firearm had not been restored, although he did address other grounds which are not relevant here. Moreover, when it came time to instruct the jury, Clark agreed to the jury instructions which the court gave, including the statement:

> Ladies and Gentlemen, the lawyers have entered into a stipulation or agreement that the defendant has previously been convicted of a crime in a court of law which was punishable by a term of imprisonment exceeding one year. *Therefore, that ele-*

*ment has already been established and is not for your consideration.*

Joint Appendix at 98 (emphasis added). It is readily apparent from a reading of the record that Clark intended to waive and did waive any requirement that the government prove the element of the offense that he had been previously convicted of a crime punishable by a term of imprisonment exceeding one year. With Clark's stipulation, the government was relieved of any obligation of proving any aspect of that element, including the aspect that the defendant's civil rights had not been restored. *Cf. United States v. Reedy,* 990 F.2d 167 (4th Cir.1993).

For all of the reasons given, the judgment of the district court is affirmed.

AFFIRMED.