12 F.3d 206
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
George Lomax SMITH, Defendant-Appellant.
 No. 92-5874.
 United States Court of Appeals,
Fourth Circuit.
 Argued October 1, 1993.
Decided December 2, 1993.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.
 Joseph Franklin Lyles, for Appellant.
 Robert James Conrad, Jr., Assistant United States Attorney, for Appellee.
 Jerry W. Miller, United States Attorney, for Appellee.
 W.D.N.C.
 AFFIRMED.
 Before ERVIN, Chief Judge, PHILLIPS, Circuit Judge, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 On February 13, 1992, George Lomax Smith was arrested in Charlotte, North Carolina, for possession of a 9 mm. semi-automatic pistol. On August 3, 1992, Smith was charged by Bill of Information with one count of Possession of Firearm by a Convicted Felon in violation of 18 U.S.C. Secs. 922(g)(1) and 924(e), and a plea agreement was executed in which he entered a plea of guilty. By stipulation contained in the plea agreement, Smith acknowledged three prior convictions that are relevant to this appeal: a 1978 conviction for felonious breaking and entering, for which he received a two year sentence and was discharged in 1980, a conviction on September 8, 1981, for voluntary manslaughter, for which he received a 20 year sentence, and a conviction on October 13, 1982, for possession with intent to sell and deliver cocaine, for which he was given a two year sentence to run concurrently with the voluntary manslaughter conviction. Because he had three prior "violent felony" convictions as defined in Sec. 924(e), he was sentenced as an "armed career criminal" under 18 U.S.C. Sec. 924(e) and received a sentence of 185 months imprisonment.
 
 
 2
 Smith appeals this sentence, arguing that with respect to his 1978 breaking and entering conviction, his civil rights were restored under North Carolina law in 1980, and his right to possess firearms was restored five years later in 1985 under the North Carolina Felony Firearms Act, N.C. Gen.Stat. Sec. 14-415.1. The sole issue on appeal is whether Smith's 1978 conviction could form one of the three predicate acts necessary for the purposes of applying the armed career criminal sentence enhancement provisions in 18 U.S.C. Sec. 924(e)(1).
 
 
 3
 As Smith's counsel conceded at oral argument, the recent Fourth Circuit case of United States v. Clark, 993 F.2d 402 (4th Cir.1993), rules dispositively on this issue and holds that effective restoration of rights is required to render a prior conviction unavailable for consideration under the sentence enhancement provisions ofSec. 924(e). Id. at 405. Because the five year periods for each of Smith's prior convictions overlap, North Carolina has continuously barred him from carrying a firearm since 1978, and all of his convictions since that date properly form the basis for enhanced sentencing under Sec. 924(e). Accordingly we affirm the district court's decision.
 
 AFFIRMED