21 F.3d 425
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Carlyle Edgar COLEMAN, a/k/a Carlyle Wingfield, Defendant.
 No. 93-5814.
 United States Court of Appeals, Fourth Circuit.
 Submitted: March 22, 1994.
Decided: April 5, 1994.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Samuel G. Wilson, District Judge. (CR-93-20-R)
 John Gregory, Jr., Salem, Virginia, for Appellant.
 Robert P. Crouch, Jr., United States Attorney, Stephen U. Baer, Assistant United States Attorney, Roanoke, Virginia, for Appellee.
 W.D.Va.
 AFFIRMED.
 Before PHILLIPS, MURNAGHAN, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Carlyle Edward Coleman appeals from jury convictions of drug and weapons charges. He contests the district court's denial of a suppression motion and the sufficiency of the evidence to support the weapons convictions. We affirm.
 
 
 2
 Coleman was charged by indictment with (1) knowing use of a firearm in relation to a drug trafficking offense; (2) being a felon in possession of a firearm; and (3) possession of cocaine with intent to distribute. The charges are violations of 18 U.S.C.A. Sec. 924(c)(1) (West 1976 & Supp.1994); 18 U.S.C.A. Secs. 922(g)(1), 924(e)(1) (West 1976 & Supp.1994); and 21 U.S.C.A. Sec. 841(a)(1), (b)(1)(C) (West 1981 & Supp.1993), respectively.
 
 
 3
 Coleman moved prior to trial to suppress evidence obtained during a search of his apartment. The district court held a hearing on the motion, during which both the government and the defense presented testimony. Coleman's girlfriend, Wynona Rickman, testified that she did not live in Coleman's apartment at the time of the search. The Government's witnesses, two police officers, testified that she told one of them she occasionally "stayed" at Coleman's; she told the second officer on the scene that she "lived" there. While the first officer was speaking with Rickman, who opened the door after Coleman's arrest and was the only person in the apartment, he noticed a laundry basket containing both men's and women's clothes in plain view. The officers testified that they each asked Rickman if they could search the apartment; she told them they could. Rickman's testimony was that she denied the officers permission to search.
 
 
 4
 On these facts, the district court found that the officers reasonably believed that Rickman was a third party with authority to allow them to search the apartment. The district court expressly found Rickman incredible. Coleman complains that the officers' belief was not reasonable and the district court should have suppressed the evidence obtained during the search. We review the factual findings of the district court only for clear error. United States v. Rusher, 966 F.2d 868, 873 (4th Cir.), cert. denied, 61 U.S.L.W. 3285 (1992). The court's legal conclusions are reviewed de novo. Id. Further, it is not the role of appellate courts to observe witnesses or weigh their credibility. See United States v. Saunders, 886 F.2d 56, 60 (4th Cir.1989). Thus, we defer to the district court's assessment of Rickman's credibility.
 
 
 5
 The question before the district court in addressing the officers' belief was " 'an objective standard: would the facts available to the officer at the moment ... "warrant a man of reasonable caution in the belief" ' that the consenting party had authority over the premises?" Illinois v. Rodriguez, 497 U.S. 177, 188 (1990). Given the finding of Rickman's incredibility, which we do not disturb, the district court had before it evidence that Rickman consented to the search. In combination with one officer's view of the laundry basket and Rickman's presence in Coleman's apartment after his arrest, we find no error in the district court's factual determination that the officers reasonably believed the Rickman had authority to consent to a search of the apartment.
 
 
 6
 Searches pursuant to a reasonable belief that a third party with authority to do so has consented to a search of the premises are valid, even if no actual authority resides in the third party. Id. Because the facts as found fully comply with this legal standard, the district court properly found the search valid. The district court did not err in denying Coleman's motion to suppress the evidence discovered during the search.
 
 
 7
 Next Coleman claims that the evidence was insufficient to support the guilty verdicts on the weapons charges. We view the evidence at trial in the light most favorable to the Government. United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir.1993). At trial the Government provided the eyewitness testimony of officers involved in the arrest. Officer Ford testified that, after being dispatched to the area near Coleman's apartment, he observed a fight between Coleman and Rickman. He and another officer chased Coleman, who ran upon seeing the officers. During the chase, Ford saw Coleman throw two bags into a hedge. As the second officer apprehended Coleman, Ford retrieved the bags, which contained over 100 grams of cocaine. Officer Hopkins testified that Coleman threw a gun during the chase. Hopkins retrieved the gun. Both officers were near Coleman at the points he threw the drugs and the gun.
 
 
 8
 Coleman and Rickman testified, both stating that she brought the gun with her to Coleman's apartment. She pulled the pistol on Coleman during a fight, and he took the gun from her in self defense. Coleman conceded his possession of the cocaine and that he was a convicted felon. He contended that the large amount of cocaine was not for distribution. Rather, he said, the cocaine was for personal use; this was his first purchase of cocaine; and he was being allowed to pay for the drugs at leisure.
 
 
 9
 We review the evidence in favor of the Government and inquire only whether any rational trier of fact could have found guilt on all the elements of the crimes beyond a reasonable doubt. Id. Coleman's claims fail this inquiry.
 
 
 10
 The elements of the Sec. 942(c)(1) crime are (1) knowing use of a firearm (2) during and in relation to a drug trafficking crime. United States v. Paz, 927 F.2d 176, 179 (4th Cir.1991). And possession, even if only to embolden the actor, is sufficient to constitute "use" of the gun. Id. Coleman rests his claim of insufficiency on this count on the unrebutted testimony of the defense. However, viewing the evidence in favor of the Government, Coleman's testimony, as buttressed by Rickman's, is without credibility. His claim that he was a first-time purchaser of cocaine who did not have to pay for it in any given time frame is ludicrous given the large amount of cocaine involved. The evidence presented by the Government was that Coleman ran upon seeing the officers, possessed a gun during the chase, and had distributable amounts of cocaine on his person. This evidence supports a finding that the gun was knowingly used, even if only to strengthen Coleman's reserve, during the commission of a drug trafficking offense.
 
 
 11
 The elements of the Sec. 922(g)(1) crime are (1) knowing possession of a firearm; (2) by one who has been convicted of a crime punishable by more than one year in prison; (3) whose civil rights have not been restored. 18 U.S.C.A. Secs. 921, 922 (West 1976 & Supp.1994); see also United States v. Essick, 935 28, 29-31 (4th Cir.1991). Coleman contends that the evidence at trial established a necessity defense to this count. We expressly reserved the question whether such a defense is available in federal prosecutions. United States v. Crittendon, 883 F.2d 326, 329-30 (4th Cir.1989). We need not answer the question here, however, because the Government's evidence was sufficient to support the verdict, and Coleman makes no complaint regarding denial of necessity defense instruction. See id. The evidence was sufficient to support the verdict. Coleman possessed the gun, and he conceded his prior convictions. Because of his concession and failure to raise an issue regarding the restoration of civil rights, the Government was not required to put on affirmative proof of the lack of restoration of civil rights. Cf. United States v. Clark, 993 F.2d 402, 405-06 (4th Cir.1993) (stipulation of prior convictions).
 
 
 12
 We affirm the district court judgment. There was no error in the denial of the motion to suppress, and the evidence was sufficient to support the weapons charges convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED