25 F.3d 1042
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Calvin Edwin LENDER, Defendant-Appellant.
 No. 93-5269.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 15, 1993.
Decided June 1, 1994.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern. Malcolm J. Howard, District Judge. (CR-91-57).
 G. Alan DuBois, Asst. Fed. Public Defender, Raleigh, NC, for appellant.
 James R. Dedrick, U.S. Atty., Jane H. Jolly, Asst. U.S. Atty., Raleigh, NC, for appellee.
 E.D.N.C.
 AFFIRMED.
 Before WILKINSON, NIEMEYER, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Calvin Edwin Lender appeals from the district court's order imposing an enhanced sentence pursuant 18 U.S.C.A. Sec. 924(e) (West Supp.1993). The enhanced sentence was imposed after Lender was convicted of being a felon in possession of a firearm in violation of 18 U.S.C.A. Sec. 922(g)(1) (West Supp.1993). Lender argues that the district court improperly considered his prior state conviction for breaking and entering as a basis for the enhanced sentence. Because we find that Lender's civil rights and right to possess firearms were not effectively restored, we affirm the sentence.
 
 
 2
 Lender's sole contention on appeal is that because North Carolina law restored his civil rights prior to his present offense, his prior conviction should be excluded from consideration underSec. 924(e). However, North Carolina law withholds restoration of the right to possess a firearm from a convicted felon for five years after his "conviction, or the unconditional discharge from a correctional institution, or termination of a suspended sentence, probation, or parole upon such conviction, whichever is later." N.C. Gen.Stat.Sec. 14-415.1 (1993). Moreover, we have recently held that under North Carolina law, a person who failed to stay out of prison for five years between offenses never had his right to possess a firearm restored and thus, his prior felony convictions are not excluded under 18 U.S.C.A. Sec. 921(a)(20) (West Supp.1993) and are subject to Sec. 924(e). United States v. Clark, 993 F.2d 402, 404-05 (4th Cir.1993). Although Lender concedes that Clark is controlling, he argues that the case was wrongly decided and that it should be overturned. We decline the invitation to revisit this issue and adhere to Clark. Therefore, as Lender concedes, his claim is meritless.
 
 
 3
 Accordingly, we affirm Lender's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the Court and argument would not aid the decisional process.
 
 
 4
 AFFIRMED.