36 F.3d 1095
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Roy T. MCLEAN, Defendant-Appellant.
 No. 93-5857.
 United States Court of Appeals, Fourth Circuit.
 Submitted: July 26, 1994.
Decided: September 28, 1994.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, Chief District Judge. (CR-93-46)
 G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.
 J. Douglas McCullough, United States Attorney, Christine B. Hamilton, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.
 E.D.N.C.
 AFFIRMED.
 Before WIDENER and MURNAGHAN, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Roy T. McLean pled guilty to being a felon in possession of a firearm, 18 U.S.C.A. Sec. 922(g)(1) (West Supp.1991). He was sentenced to a term of 195 months as an armed career offender, 18 U.S.C.A. Sec. 924(c) (West Supp.1994). McLean appeals his sentence. We affirm.
 
 
 2
 Section 924(e) requires a fifteen-year mandatory minimum sentence for anyone convicted under Sec. 922(g)(1) who has three or more previous convictions for a violent felony or a serious drug offense. McLean had three predicate convictions: a 1981 robbery conviction, a 1984 robbery conviction, and a 1990 manslaughter conviction. He contends that his 1981 robbery conviction should not have been considered because the bar to his possession of firearms resulting from that conviction expired in 1989 under North Carolina law. However, because of his later convictions, McLean never effectively regained the right to possess firearms.
 
 
 3
 McLean concedes that under our decision in United States v. Clark, 993 F.2d 402 (4th Cir.1993), his 1981 conviction was properly considered and his armed career criminal sentence was properly imposed. He argues that Clark was wrongly decided and should be revisited. In this Circuit, a panel cannot overrule the decision of a prior panel. Brubaker v. City of Richmond, 943 F.2d 1363, 1381-82 (4th Cir.1991). Even if the rule were otherwise, we would not be inclined to do so nor are we of the opinion that the rule should be reconsidered by the full court.
 
 
 4
 We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED