**UNITED STATES of America**

**v.**

**Lee D. CLARK, Defendant**

**Nos. CRIM.02–71–P–H,
CIV.03–253–P–H.**

United States District Court,
D. Maine.

March 31, 2004.

Lee David Clark, Lewisburg, PA, for Lee D. Clark.

Evan J. Roth, Office of the U.S. Attorney, Portland, ME, for United States of America.

### ORDER ON MOTION FOR COLLATERAL RELIEF PURSUANT TO 28 U.S.C. § 2255

HORNBY, District Judge.

The question presented by this section 2255 motion is whether the defendant's civil rights were restored under North Carolina law. Lee D. Clark is currently serving a 156–month sentence after pleading guilty on July 19, 2002, to being an armed career criminal, 18 U.S.C. §§ 922(g), 924(e). Clark did not pursue a direct appeal, but filed this 28 U.S.C. § 2255 motion. He asserts that he could not be convicted as an armed career criminal because one of the three necessary predicate felonies was a 1983 North Carolina conviction with respect to which his civil rights had been restored. Clark argues that he is therefore actually innocent of the armed career criminal charge and that his lawyer rendered ineffective assistance by failing to challenge the use of the

North Carolina conviction as a predicate offense.[1] I conclude that North Carolina never restored Clark's firearm rights. Clark was properly sentenced as an armed career criminal. Accordingly, I DENY the motion.

## ANALYSIS

Ordinarily, a convicted defendant may not raise an issue that he failed to raise on direct appeal unless he can show "both 'cause' and 'prejudice' or, alternatively, that he is 'actually innocent.'" *Brache v. United States,* 165 F.3d 99, 102 (1st Cir. 1999). In the First Circuit, those requirements do not apply to a claim of ineffective assistance of counsel. *Knight v. United States,* 37 F.3d 769, 774 (1st Cir.1994) *See also Cody v. United States,* 249 F.3d 47, 52 (1st Cir.2001) (explaining that "ordinarily a collateral proceeding is the preferable vehicle for an ineffective assistance claim"). *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), provides the two-prong test for ineffective assistance of counsel claims. *Knight,* 37 F.3d at 774. Clark must show both: (1) that his lawyer's representation of him fell below an objective standard of reasonableness; and (2) that "there is a reasonable probability that, but for counsel's errors, the result ... would have been different." *Id.*

### (A) Ineffective Assistance

Clark pleaded guilty to being an armed career criminal under 18 U.S.C. section 924(e). That offense carries a mandatory minimum sentence of fifteen years in cases where the defendant has three previous convictions for "a violent felony or a serious drug offense." "Violent felony" is defined as a crime punishable by a term of imprisonment exceeding one year. *Id.* § 922(g)(1). Section 920(a)(20) provides that whether a crime is punishable by a term of imprisonment for more than one year

shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction ... for which a person ... has had civil rights restored shall not be considered a conviction ... unless such ... restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

Thus, a previous conviction may not serve as a predicate for applying section 924(e) if the jurisdiction of conviction, here North Carolina, has restored civil rights, *including firearm rights,* to the defendant.

■ To determine whether a defendant's firearm rights have been restored, courts look to "the whole of state law" and not just to the face of a certificate restoring civil rights to the defendant. *E.g., United States v. Clark,* 993 F.2d 402, 403 (4th Cir.1993). Until 1995, North Carolina law provided:

(a) It shall be unlawful for any person who has been convicted of any crime set out in subsection (b) of this section to purchase, own, possess, or have in his custody, care, or control any handgun or other firearm ... *within five years from the date of such conviction, or the unconditional discharge from a correctional institution, or termination of a suspended sentence,* probation, or parole upon such conviction, whichever is later.

(b) *Prior convictions* which cause disentitlement under this section *shall only include:*

---

1. As a third ground, Clark argues that his plea agreement unconstitutionally denied his right to appeal and asks "the court to let this 2255 proceed." In fact, I address the merits of Clark's ineffective assistance and actual innocence claims.

(1) Felonious violations of [various sections of the N.C. Gen.Stat. Ann.];

(2) Common law robbery and common law maim; and

(3) *Violations of criminal laws of other states* or of the United States substantially similar to the crimes covered in subdivisions (1) and (2) which are punishable where committed by imprisonment for a term exceeding two years.

N.C. Gen.Stat. Ann. § 14–415.1 (1981 & Supp.1989)(emphases added). In 1995, the North Carolina Legislature repealed the five-year restoration provision. N.C. Laws 1995, c. 487, § 3. Under current North Carolina law, it is unlawful for a felon to possess a firearm, regardless of how much time has passed since conviction, release, or termination of the sentence. N.C. Gen.Stat. Ann. § 14–415.1.

Presumably relying on the now repealed version of § 14–415.1, Clark argues that North Carolina automatically restored to him all of his civil rights[2] and complains that his attorney failed to object to the use of the North Carolina conviction as a predicate offense. The Government argues, in part, that because Clark was convicted of burglary in Maine in 1990 (fewer than five years after the North Carolina sentence terminated), Clark's firearm rights were never restored.

Clark was convicted of breaking and entering in North Carolina on October 24, 1983. Revised Presentence Investigation Report at 9. He was sentenced to two years imprisonment, suspended, and three years of supervised probation. *Id.* Because Clark violated the conditions of probation, his probation was revoked on March 8, 1984, and he was sentenced to two years to be served as a youthful offender. *Id.* On April 8, 1985, Clark's sentence for the 1983 breaking and entering conviction expired finally. *Id.*

For the purpose of this motion, I assume that the now repealed North Carolina statute applies.[3] Under that statute, if the 1983 conviction were viewed in isolation, Clark's right to carry a gun in North Carolina would have been restored on April 8, 1990, five years after his sentence terminated and well before his armed career criminal conviction in 2002. It is not appropriate, however, to view the 1983 conviction in isolation. The relevant question is not whether Clark's rights could have been restored under North Carolina law, but whether they *effectively were* restored. *See United States v. Clark*, 993 F.2d 402 (4th Cir.1993) ("[I]n determining whether [the defendant's] right to possess firearms has *in fact* been restored, we cannot consider his prior convictions in isolation".); *United States v. Dockter*, 58 F.3d 1284 (8th Cir.1995)(holding that, in order for a conviction to be excludable under section 921(a)(20), there must have been "effective and actual restoration of the right to possess firearms"); *United States v. Burns*, 934 F.2d 1157 (10th Cir. 1991).

---

**2.** Clark argues that his rights were restored five years after his 1983 conviction. The North Carolina statute in effect during the 1980s, however, provided that the five-year period ran from conviction, release, or termination of a suspended sentence, whichever was later. Accordingly, the five-year period would not have begun to run until 1985, when Clark's sentence terminated.

**3.** In addition to arguing that Clark's firearm rights were never restored under the repealed statute, the Government argues that Clark may not rely upon the repealed statute. Implicitly, the Government seems to argue that the 1995 revision operated to strip previously restored firearm rights from convicted felons. I do not reach this argument because I conclude that Clark has not shown prejudice under even the (more favorable to him) repealed version of the statute.

■ In this case, Clark's right to carry a firearm in North Carolina was never effectively restored because he pleaded guilty to Class C Burglary in Maine on January 31, 1990, a date within the five-year period. The North Carolina statute has at all relevant times provided that "[v]iolations of criminal laws of other states" result in weapons disqualification under North Carolina law so long as the crime is "substantially similar" to the listed North Carolina felonies and is punishable by imprisonment for a term of more than two years. N.C. Gen.Stat. Ann. § 14–415.1 (1981 & Supp.1989). Maine Class C Burglary is substantially similar to the North Carolina crimes listed in the statute and in 1990 it was punishable by a term of imprisonment not to exceed five years. 17–A M.R.S.A. § 1252(2)(C). Therefore, under § 14–415.1(b)(3), the January 1990 Maine burglary conviction prevented Clark from regaining his right in North Carolina to carry a firearm (a right that, with respect to the 1983 conviction, he would not have regained until April). North Carolina never restored Clark's firearm rights because the five-year restoration period was interrupted by the Maine burglary conviction.

Because Clark's right to carry a firearm was never restored in North Carolina, use of the 1983 conviction as a predicate offense was proper under 18 U.S.C. § 920(a)(20).[4] Clark has not shown that was prejudiced by his lawyer's failure to argue otherwise; he has therefore failed to satisfy *Strickland*'s second prong. Since there is no prejudice, I do not need to address his lawyer's performance.

### (B) Actual Innocence

Clark bases his claim of actual innocence solely on the argument that North Carolina restored his civil rights. In fact, North Carolina never restored firearm rights to Clark. He has therefore failed to establish that he is actually innocent of the crime to which he pleaded guilty.

### CONCLUSION

At all relevant times, North Carolina law provided that felony convictions in other states would result in weapons disqualification. Clark was convicted of a qualifying felony in Maine fewer than five years after his North Carolina sentence terminated. Therefore, his North Carolina firearm rights were never restored after his 1983 conviction. Because Clark's firearm rights were never restored in North Carolina, it was proper to use the 1983 burglary conviction as a predicate offense and Clark was not prejudiced by his counsel's failure to raise the issue. The motion is **DENIED**.

So Ordered.

---

4. Clark relies on *United States v. Essick*, 935 F.2d 28 (4th Cir.1991). In that case, the defendant challenged his conviction under 18 U.S.C. section 922(g)(1) on the ground that the Government had failed to prove, as an element of its case, that North Carolina had not restored the defendant's right to possess a firearm. The Fourth Circuit held that, because more than five years had elapsed since the defendant's prior conviction, the Government bore the burden of showing that the defendant's rights had not been restored. Even if *Essick* applies in the armed career criminal context, it does not help Clark because fewer than five years elapsed between the two convictions.