**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-4312**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KENON DURELL SWEAT,

Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  N. Carlton Tilley, Jr., District Judge.  (1:05-cr-00280-NCT-3)

---

Submitted:  July 23, 2007          Decided:  August 28, 2007

---

Before KING, SHEDD, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Eugene E. Lester, III, SHARPLESS & STAVOLA, P.A., Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Kearns Davis, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Kenon Durell Sweat of bank robbery, in violation of 18 U.S.C. § 2113(a) (2000) (Count One); armed bank robbery, in violation of 18 U.S.C. § 2113(a), (d) (Count Two); possession and brandishing of a firearm in furtherance of a bank robbery, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (2000) (Count Three); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (2000) (Count Four). He was sentenced to 360 months' imprisonment. Sweat appealed his convictions. Finding no error, we affirm.

Counsel contends, inter alia, there was insufficient evidence to convict Sweat on Count Four because there was no evidence the firearm affected interstate commerce. Counsel also raised separate claims in accordance with Anders v. California, 386 U.S. 738 (1967), concluding the claims are not meritorious, but questioning whether the district court abused its discretion in failing to allow the jury to consider evidence that would tend to show Sweat did not incriminate himself or seek to influence witnesses after his arrest and whether trial counsel provided ineffective assistance. Sweat was advised of his right to file a pro se supplemental brief, but has not done so.

Sweat asserts that the evidence was insufficient to convict him on Count Four because the Government failed to prove the firearm affected interstate commerce. Sweat himself, however,

- 2 -

stipulated that the firearm "was possessed in and affect[ed] interstate commerce." (JA 325-26). Sweat's stipulation relieved the Government of any obligation to prove that element of Count Four. See United States v. Clark, 993 F.2d 402, 405-06 (4th Cir. 1993). Nevertheless, Sweat contends that this stipulation was the result of ineffective assistance of counsel. Yet, because the record does not conclusively establish ineffective assistance of counsel, we find that Sweat's ineffective assistance claim is not cognizable on direct appeal. See United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991) (holding that claims of ineffective assistance of counsel must be brought in a collateral proceeding under 28 U.S.C. § 2255 (2000), unless it conclusively appears from the face of the record that counsel was ineffective).

Sweat also contends that his convictions for both bank robbery and felon in possession of a firearm is multiplicious and "could" violate the Double Jeopardy Clause. We find that because the offenses have different elements, they are not multiplicious and do not constitute double jeopardy. See Blockburger v. United States, 284 U.S. 299, 304 (1932).

Counsel first questions in the Anders portion of the brief, whether the district court erred in excluding evidence that would purportedly show Sweat did not incriminate himself and did not seek to influence witness testimony. The determination of the probative and prejudicial value of evidence is left to the sound

discretion of the trial court and will not be disturbed absent extraordinary circumstances. See United States v. MacDonald, 688 F.2d 224, 227-28 (4th Cir. 1982). This court reviews errors in the admission or exclusion of evidence for harmless error. See United States v. Davis, 657 F.2d 637, 640 (4th Cir. 1981). After a thorough review of the record, we conclude there is no reversible error in the district court's evidentiary rulings.

Counsel also questions whether trial counsel provided ineffective assistance. For the same reason that we reject Sweat's ineffective assistance claim with respect to the stipulation on Count Four, we find the additional ineffective assistance claims are also not cognizable on direct appeal. See DeFusco, 949 F.2d at 120-21.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Sweat's convictions and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the

- 4 -

materials before the court and argument would not aid the decisional process.

AFFIRMED