**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-6901**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHN ALBRITTON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  James C. Fox, Senior District Judge.  (4:12-cr-00005-F-1; 4:15-cv-00019-F)

Submitted:  January 26, 2017                          Decided:  September 7, 2017

Before GREGORY, Chief Judge, and WILKINSON and NIEMEYER, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

John Albritton, Appellant Pro Se.  Seth Morgan Wood, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Albritton seeks to appeal the district court's orders denying relief on his 28 U.S.C. § 2255 (2012) motion and denying his Fed. R. Civ. P. 59(e) motion to alter or amend judgment. The orders are not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

We previously granted a certificate of appealability on one limited issue: whether Albritton's civil rights were restored in North Carolina following his 1977 and 1978 convictions such that he was improperly designated as an armed career criminal. We have independently reviewed the record and conclude that Albritton has not made the requisite showing as to all other issues and therefore deny a certificate of appealability as to these issues and dismiss the appeal in part. After reviewing the parties' briefs, we are satisfied that, due to his commission of another felony in 1984, Albritton's firearms rights were never effectively restored following his 1977 and 1978 convictions. *See United States v. Clark,* 993 F.2d 402, 405 (4th Cir. 1993) (holding that, "in determining whether [a

2

defendant's] right to possess firearms has in fact been restored, we cannot consider his prior convictions in isolation" and concluding that because defendant "was never out of the state's custody for five full years between felony convictions, North Carolina ha[d] continuously barred him from carrying a firearm since 1977, and all of his convictions since that date [could] therefore be considered under § 924(e)"). We therefore affirm the district court's denial of Albritton's Rule 59(e) motion as to this issue. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART*
*AND AFFIRMED IN PART*