**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4490**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ADRIAN JEROME WHITE,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. N. Carlton Tilley, Jr., Senior District Judge. (1:19-cr-00571-NCT-1)

Submitted: September 9, 2021                     Decided: September 13, 2021

Before MOTZ, KING, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Brian M. Aus, BRIAN AUS, ATTORNEY AT LAW, Durham, North Carolina, for Appellant. Matthew G.T. Martin, United States Attorney, Ashley E. Waid, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Adrian Jerome White appeals from his conviction after a jury trial for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). On appeal, White challenges the district court's denial of his motion to dismiss the felon-in-possession charge, arguing for the first time that the indictment was defective because it charged White with having knowledge of his felony conviction instead of charging that "he knew he belonged to the relevant category of persons barred from possessing a firearm," based on *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019). White further argues for the first time on appeal that the district court erred by failing to properly instruct the jury on the knowledge of status element because it repeated the indictment error and overstated the category of persons barred from possessing firearms. We affirm.

White raises his arguments for the first time on appeal, so we review for plain error. *Greer v. United States*, 141 S. Ct. 2090, 2096 (2021). "To succeed in obtaining plain-error relief, a defendant must show (1) an error, (2) that is plain, (3) and that affects substantial rights, which generally means that there must be a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *United States v. Caldwell*, __ F.4th __, __, No. 19-4019, 2021 WL 3356951, at *11 (4th Cir. Aug. 3, 2021) (internal quotation marks omitted). If those three threshold requirements are met, "we may grant relief if we conclude that the error had a serious effect on the fairness, integrity or public reputation of judicial proceedings." *Id.* (brackets and internal quotation marks omitted).

We have reviewed the record and find no reversible error. In *Rehaif*, the Supreme Court held that, to convict a defendant under 18 U.S.C. § 922(g), the government "must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." *Rehaif*, 139 S. Ct. at 2194. The Court did not hold that the government must also prove that the defendant knew he was prohibited from possessing a firearm based on his status. *United States v. Moody*, 2 F.4th 180, 196-98 (4th Cir. 2021). Thus, White's argument that the indictment should have charged that he knew he belonged to the relevant category of persons barred from possessing a firearm is foreclosed by *Moody*.

Moreover, the indictment and jury instructions properly mirrored the elements of 18 U.S.C. § 922(g)(1) and included the knowledge of status element, as required by *Rehaif*, 139 S. Ct. at 2194, 2200. White does not claim that he qualifies for any exceptions to the term "crime punishable by imprisonment for a term exceeding one year" under 18 U.S.C. § 921(a)(20), and he stipulated to his status as a felon, *see United States v. Clark*, 993 F.2d 402, 406 (4th Cir. 1993) (holding that defendant's stipulation that he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year was sufficient to relieve the government of any obligation of proving any aspect of that element). Thus, White fails to show any district court error in the indictment or jury instructions.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*