UNITED STATES of America,
Appellee,

v.

Emerald Christian B. STRADLEY,
Appellant.

No. 8351.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 2, 1961.

Decided Oct. 9, 1961.

Waller H. Horsley, Charlottesville, Va. (court-assigned counsel), for appellant.

Cary L. Branch, Asst. U. S. Atty., Richmond, Va. (C. V. Spratley, Jr., U. S. Atty., Richmond, Va., on brief), for appellee.

Before SOPER and BOREMAN, Circuit Judges, and MICHIE, District Judge.

PER CURIAM.

The appellant in this case was found guilty by the District Judge, sitting without a jury, of forging an endorsement on a Government check and uttering the same with intent to defraud the United States in violation of 18 U.S.C. § 495. The imposition of sentence was suspended for two years and she was placed on probation for that period. Admitting that she signed the name of the payee upon the check and deposited it in her account in the bank, she appeals principally on the ground that the evidence was insufficient to show that she had the intent to defraud when she performed these acts.

In the fall of 1958 the defendant lived with her semi-invalid husband in a house in Alexandria, Virginia. Being some-

what pressed for funds she advertised for a boarder. William C. Huggins responded to the advertisement and became a member of the household for five or six weeks. During this period the defendant, who is a professional portrait painter, made a sketch of Huggins and endeavored to persuade him to engage her to paint his portrait for the sum of $250.00. According to her testimony, he accepted the proposition and agreed to pay for the portrait with the first money he might receive that was "unassigned"; and he made several engagements for sittings but did not keep them. Sometime in the first part of November Huggins left the defendant's home and went to live with his daughter at Arlington, Virginia. In the latter part of November 1958 a brown envelope addressed to Huggins came by mail to the defendant's house. It contained a United States Treasury check, dated November 25, 1958, for $230.98, payable to Huggins. Later, according to her testimony, he telephoned her and she told him of the envelope and he directed her to open it; and when she told him of the contents and offered to accept the money in full payment for the portrait he agreed and authorized her to endorse and cash the check. Thereupon, she endorsed the name William C. Huggins upon the check and wrote beneath it "for deposit Emerald C. B. Stradley" and mailed the check to her bank in Richmond and used the money for general expenses.

Huggins, on his part, testified that a couple of weeks after he left the defendant's house to live with his daughter, he called to see the defendant at her house and asked if there was any mail and she replied there was none. He also said that he had never had any conversation with the defendant in regard to the check, and that sometime in the fall of 1959 she called to see him and asked him to change a statement he had made to the FBI and promised him to send him the money immediately. He further testified that he had told her that he did not want her to paint his portrait and that he never made any engagements for sittings. In rebuttal, after the defendant had testified and closed her case, Huggins denied that he had talked with her by telephone and testified that he had never given her authority to sign his name upon the check.

A handwriting expert testified that in his opinion the same person wrote the two names on the back of the check but he would not say that the handwriting in the two names was remarkably similar. A comparison of the writing of the two names shows that the letters in the Huggins' name are formed more or less perpendicularly while the letters in the defendant's name are written with a slant. The defendant testified that she made the name Huggins "a little more springy" because she thought "that it would be a little more smooth going through the bank."

It is obvious that there was sufficient evidence to justify the finding that the defendant endorsed the name of the payee upon the check and used the money without the payee's consent. The contention is nevertheless made that the crime of forgery, as defined in the statute, was not made out because it was not shown beyond a reasonable doubt that the acts of the defendant were committed with intent to defraud. Evidence on this point is said to be lacking because the defendant, without any attempt at concealment, signed both names on the back of the check and openly deposited it to her credit in her bank. Reliance is placed upon the rule set out in our decision in Greathouse v. United States, 4 Cir., 170 F.2d 512, 514, where it was held that forgery contemplates a writing which falsely purports to be the writing of a person other than the actual maker, and that if the writing purports or is known to be the writing of the defendant, it is not forgery for him to sign the name of another although he signs without the other's knowledge and consent under the false pretense that he had authority to do so. It is said that the pending case is one of assumed authority just as if the defendant had written the payee's name "by" her own, so that the endorsement

did not purport to be anything other than what it actually was and, hence, the crime of forgery was not committed even though a case of false pretenses might be made out.

 This argument is not tenable because it does not give heed to the facts brought out in evidence. In the first place it should be noted that the province of the appellate court in weighing the evidence is not the same as that of the District Court. A verdict of guilty may not be given in a criminal case unless the trier of facts is convinced of the defendant's guilt beyond a reasonable doubt; but when the sufficiency of the evidence is questioned in the trial court upon motion for directed verdict or in the appellate court upon an appeal from judgment of conviction, the court must determine whether upon the evidence, giving full play to the right of the trier of facts to determine credibility, and draw justifiable inferences of fact, a reasonable mind might fairly conclude guilt beyond a reasonable doubt. See Bell v. United States, 4 Cir., 185 F.2d 302, 310. In the pending case it is clear that the evidence tended to show guilt beyond a reasonable doubt. The signatures on the back of the check were not so clearly in the same hand as to plainly show that they were written by the same person. The writing did not purport to be and was not known to be the writing of the defendant. She herself admitted that the lettering of Huggins' name was somewhat changed from the writing of her name so as to smooth the passage of the transaction through the bank, and this purpose was actually accomplished; and the existence of the intent to defraud was affirmatively shown by the testimony of Huggins that he did not authorize the defendant to sign his name and use the money.

 There is no support for the additional contention of the defendant that the Judge erred in over-ruling a motion for a directed verdict at the conclusion of the Government's case and in permitting Huggins to testify in rebuttal that he did not authorize the defendant to endorse the check. When Huggins was first on the stand, he said explicitly that he had had no conversation with the defendant with regard to the check and this was enough to justify the refusal of a motion for acquittal which was offered at the end of the Government's case. It was also sufficient to justify the refusal of a similar motion, which was made at the conclusion of all the evidence after the defendant had testified on her own behalf and Huggins had testified in rebuttal, without invoking the well-established rule that when a defendant in a criminal case, after denial of a motion for acquittal at the close of the Government's case, introduces evidence on his own behalf, the case comes before the appellate court for review upon all the evidence and the entire record. See United States v. Goldstein, 2 Cir., 168 F.2d 666, T'Kach v. United States, 5 Cir., 242 F.2d 937.

Affirmed.