UNITED STATES of America,
Appellee,

v.

James Arthur HELLER, Appellant.

No. 74–2281.

United States Court of Appeals,
Fourth Circuit.

Argued Aug. 20, 1975.

Decided Oct. 2, 1975.

John C. Stephens, Jr., Williamsburg, Va. [court-appointed counsel] (Stephens, Rideout, Abdelnour & Rials, Ltd., Williamsburg, Va., on brief), for appellant.

Roger T. Williams, Asst. U. S. Atty. (David H. Hopkins, U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Circuit Judge, and WINTER and CRAVEN, Circuit Judges.

PER CURIAM:

On March 26, 1974, James Arthur Heller rented an automobile from Budget Rent-A-Car in Charleston, West Virginia. The rental agreement provided that the car would be returned the next day. On April 18, 1974, the car was discovered in Heller's possession at Langley Air Force Base, Virginia. Heller produced the rental agreement which indicated a return due date of May 27, 1974, but expert testimony tended to show that the return due date had been altered.

Heller appeals from a verdict of guilty entered in a nonjury trial.

We need not consider whether it was error for the district court to refuse defendant's motion to dismiss when the government rested its case because "when a defendant in a criminal case, after denial of a motion for acquittal at the close of the Government's case, introduces evidence on his own behalf, the case comes before the appellate court for review upon all the evidence and the entire record." *United States v. Stradley*, 295 F.2d 33, 35 (4th Cir. 1961).

The district court found the facts to be as stated herein above and noted that "while Mr. Heller denies any intent to permanently deprive the owner thereof, he effectively did so, and the court finds as a matter of law that he did so feloniously intend to deprive the owner of the benefits of ownership thereof." We think the phrase "as a matter of law" was a slip of the tongue and that the district judge found from the evidence and beyond a reasonable doubt that Heller had the necessary felonious intent at the time he transported the automobile in interstate commerce.

*Affirmed.*