UNITED STATES of America,
Plaintiff–Appellee,

v.

Derrick THOMAS, Defendant–Appellant.

No. 94–5172.

United States Court of Appeals,
Fourth Circuit.

Argued Feb. 3, 1995.

Decided April 20, 1995.

**ARGUED:** Donald Ray Vaughn, Greensboro, NC, for appellant. Paul Alexander Weinman, Asst. U.S. Atty., Greensboro, NC, for appellee. **ON BRIEF:** Walter C. Holton, Jr., U.S. Atty., Greensboro, NC, for appellee.

Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.

Affirmed by published opinion. Judge NIEMEYER wrote the opinion, in which Judge MICHAEL and Judge MOTZ joined.

## OPINION

NIEMEYER, Circuit Judge:

We must decide in this case whether the government proved a violation of 18 U.S.C. § 922(g)(1) when it established that (1) the defendant possessed a firearm, (2) in or affecting commerce, and (3) the defendant had one year earlier been convicted of a North Carolina state drug felony. The defendant, relying on our decision in *United States v. Essick*, 935 F.2d 28 (4th Cir.1991), contends that the government's proof was inadequate because it failed to include evidence that the defendant's civil rights had not been restored under North Carolina law. We reject the argument in this case because defendant's underlying state felony conviction occurred within five years of the instant firearm offense, and under North Carolina law the defendant's civil rights could not have been fully restored within this time frame. We hold accordingly that the government proved a violation of § 922(g)(1) despite the fact that it did not independently establish that defendant's civil rights had not been restored at the time of his firearm possession.

On July 9, 1993, in Greensboro, North Carolina, Derrick Thomas was arrested for possession of an Intertech 9mm semi-automatic handgun. Because he had been convicted one year earlier in state court of possessing cocaine with intent to distribute, he was indicted for violating 18 U.S.C. §§ 922(g)(1) & 924(a)(2). At trial, the government offered proof that Thomas possessed the handgun; that the handgun was manufactured in Miami, Florida; and that Thomas had been convicted on August 17, 1992, in a North Carolina state court of a drug felony punishable under North Carolina law by imprisonment for more than one year. After the government rested its case, the defendant made a pro forma motion for judgment of acquittal under Federal Rule of Criminal Procedure 29, without articulating any specific grounds for the motion. After the court's denial of the motion, the defendant introduced evidence in support of his case and rested. After the close of all evidence and before the parties made their closing arguments to the jury, the district judge observed:

Before the jury comes in, I did not hear you, [Assistant United States Attorney] Mr. Weinman, ask the question or present any evidence concerning the fact, if it is a fact, that the defendant's civil rights have not been restored.

\* \* \* \* \* \*

I'll give you the latest thing out of the Fourth Circuit. "The government must prove in its case in chief that [defendant's] civil rights have not been restored" [paraphrasing *United States v. Essick*, 935 F.2d 28 (4th Cir.1991)].

\* \* \* \* \* \*

It is unlikely that [defendant's civil rights have been restored], because you've got a certified copy of his conviction in 1992. Obviously, that's less than five years. I don't know what sort of circumstances his civil rights could possibly have been restored. I mean, I don't think it's an issue in the case, but I think you've got to present evidence on it or have a stipulation concerning it.

The court reasoned that since it raised this issue sua sponte, it was permissible, in the exercise of its discretion, for it to reopen the case to allow the government to introduce evidence that Thomas was still on parole for the 1992 conviction and that his civil rights therefore had not been restored. After the case was reopened and the government presented this evidence, the case was submitted to the jury and Thomas was convicted of violating 18 U.S.C. § 922(g)(1). The court sentenced him to 90 months imprisonment.

Thomas contends that because he moved for judgment of acquittal under Federal Rule of Criminal Procedure 29 at the close of the government's evidence (before the court reopened the case) and because the district court subsequently found that the government had failed to present an essential element of proof—that his civil rights had not been restored—the district court erred in refusing to grant his Rule 29 motion. Thomas also contends that the district court abused its discretion in reopening the government's case after the close of all the evidence to permit the government to prove an essential element of the crime charged. *See*

*United States v. Paz,* 927 F.2d 176 (4th Cir. 1991). Responding to these arguments below, the district court stated that if defendant's Rule 29 motion had specifically rested on the government's failure to prove that the defendant's civil rights had not been restored, the court would have granted the Rule 29 motion. But because this issue escaped the notice of all parties until it was raised by the court, the court believed that it properly denied the Rule 29 motion and acted within its discretion in reopening the government's case. Thomas argues to the contrary that if the government's evidence "is insufficient to sustain a conviction," Rule 29 *mandates* that a judgment of acquittal be entered. He observes that nowhere does Rule 29 require that a defendant advance any reason more specific beyond the contention that the government's evidence was insufficient to sustain a conviction. *See United States v. Cox,* 593 F.2d 46 (6th Cir.1979). Thomas argues that if the district court was correct in concluding that *Essick* required the government to put on independent proof that his civil rights had not been restored at the time he was apprehended for firearm possession—which requirement the government failed to meet—the district court was required to grant his timely motion for judgment of acquittal made before the court allowed the government to reopen its case.

The resolution of these issues, however, is preceded by the principal issue of whether the government proved a § 922(g)(1) violation when it established Thomas' possession of a handgun manufactured out of state and his conviction *one year earlier* of a North Carolina drug felony, without having shown independently that Thomas' civil rights had not been restored. Because we believe that the district court misread the scope of our holding in *Essick* to require the government, for a § 922(g)(1) conviction, to establish as part of its case in chief *in every case* in North Carolina that the defendant's civil rights had not been restored, we need not reach the procedural questions raised by Thomas of whether the district court erred in failing to grant his Rule 29 motion or abused its discretion in reopening the case.

█ Section 922(g)(1) of Title 18 penalizes the possession in or affecting commerce of a firearm by any person "who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). The definition of the term "crime punishable by imprisonment for a term exceeding one year" must be determined in accordance with "the law of the jurisdiction in which the proceedings were held." 18 U.S.C. § 921(a)(20). The term specifically excludes any conviction for which a person "has had civil rights restored ... unless ... restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." *Id.* In effect, therefore, § 921(a)(20) excludes from the definition of a predicate offense any conviction for which the defendant has had his civil rights, including the right to carry a firearm, restored. *See United States v. Clark,* 993 F.2d 402, 403 (4th Cir.1993).

█ We therefore must turn to North Carolina law to determine whether Thomas' 1992 drug conviction meets the definition of a predicate offense for purposes of § 922(g)(1). It is undisputed that the North Carolina crime of which Thomas was convicted in 1992 was a felony punishable by imprisonment for more than one year. And even though Thomas' civil rights generally would be restorable upon his unconditional discharge from probation or parole, *see* N.C.Gen.Stat. § 13-1, which could occur less than five years after his conviction, under the North Carolina Felony Firearms Act, his civil right to possess a handgun could not have been restored until five years after his 1992 conviction or his unconditional discharge from probation or parole, whichever is later. *See* N.C.Gen.Stat. § 14-415.1. After that five-year period, however, the prohibition against possessing a handgun automatically ends. Thus, in establishing Thomas' 1992 felony conviction, the government thereby established at least that his civil right to possess a handgun had not been restored at the time of his firearm possession in 1993.

In *United States v. Essick,* we held that if the purported predicate offense for a § 922(g)(1) violation is a North Carolina felony that occurred more than five years before

the § 922(g)(1) offense, the government could not assume the "continuing vitality" of the state felony because, under North Carolina law, the defendant's civil rights, including his right to possess a handgun, *might* have been restored by the time of his firearm possession. The defendant in *Essick* was arrested in September 1989 for possession of firearms and charged with a violation of 18 U.S.C. § 922(g)(1). The predicate offense for that charge was a drug conviction in April 1983, more than five years earlier. The government contended that all it needed to prove to establish a predicate offense for § 922(g)(1) was that the defendant had previously been convicted of a felony. It maintained that whether the defendant's civil right to possess a firearm and other civil rights had been restored was an affirmative defense to be proved by the defendant. We rejected the government's contention. Since under North Carolina law the defendant's civil rights might have been restored upon completion of the sentence and since North Carolina's prohibition against carrying a handgun ended automatically after five years, we held that the government could not assume the continuing vitality of the six-year old underlying North Carolina felony as a predicate offense. In those circumstances, we concluded, it was the government's burden to prove that the defendant's civil rights had not been restored in order to establish a predicate offense under 18 U.S.C. § 921(a)(20). We stated:

> The only way in which Essick's 1983 North Carolina conviction could constitute a predicate felony conviction under § 922(g)(1) would be if the alleged federal violation, *i.e.*, possession of a firearm, occurred *within five years* of Essick's release from state supervision.

> \*    \*    \*    \*    \*    \*

> There is no contention that the government brought Essick within the five-year post-release period.... In North Carolina, proof of the "prior conviction" element of a § 922(g)(1) charge requires the government to go beyond the mere introduction of a commitment order if such a

predicate conviction occurred in the North Carolina state courts.

\*    \*    \*    \*    \*    \*

> *In North Carolina, the government must prove, at a minimum, that the defendant possessed a firearm within five years of release from supervision resulting from the prior North Carolina felony.*

935 F.2d at 31 (emphasis added). Because the predicate offense in *Essick* occurred *more than five years prior* to the defendant's firearm possession and the government had not established that the defendant's release from supervision was within five years of his firearm possession, the government's case was found to be "fatally deficient." *Id.*

Thus, the holding in *Essick* is limited to circumstances where the underlying North Carolina felony conviction occurred more than five years prior to defendant's firearm possession, such that the § 922(g)(1) predicate offense was so removed in time that under North Carolina law, defendant's civil rights would ordinarily be restored automatically and the "continued vitality of the conviction" could not be assumed.

■    In this case, however, Thomas was arrested for possession of a handgun *less than one year* after he had been convicted of a North Carolina felony for cocaine possession. Under North Carolina law, therefore, Thomas' civil right to possess a handgun could not ordinarily have been restored because five years had not elapsed since his state felony conviction. Since his state felony conviction could not therefore have been excluded from the definition of a predicate offense under 18 U.S.C. § 921(a)(20), the government did not have the burden of proving independently the additional fact that Thomas' civil rights had not been restored. This fact was established *de jure* under the North Carolina Felony Firearms Act by introduction of a North Carolina conviction entered within five years of the instant offense.

Thus, the district court in the instant case properly denied Thomas' Rule 29 motion for judgment of acquittal at the end of the government's case, and its precautionary measure of reopening the case was gratuitous.\*

---

\* Ordinarily, when a motion for judgment of ac-    quittal is denied and the defendant thereafter

Accordingly, we need not reach the question of whether the court abused its discretion in that regard.

Thomas also contends that the warrantless search of his automobile incident to his arrest, during which the handgun in this case was discovered, was illegal and therefore that the district court should have granted his motion to suppress. Having carefully reviewed the factual record on this issue, we conclude that the district court's finding that the officer's stop of Thomas' car was prompted by reasonable suspicion is not clearly erroneous. *See Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Having properly stopped Thomas' car, the officer also properly arrested Thomas after learning that outstanding warrants were pending against him. The search of the passenger compartment of Thomas' automobile incident to this lawful arrest, which produced the firearm in question, was therefore legal. *See United States v. Taylor,* 857 F.2d 210, 214 (4th Cir.1988).

For the foregoing reasons, the judgment of the district court is

*AFFIRMED.*

introduces evidence on his own behalf, we review the case on all the evidence. *See United States v. Heller,* 527 F.2d 1173 (4th Cir.1975). Our review in this case of the issue whether the district judge properly articulated the elements of the government's burden of proof addresses only the legal assumptions underlying the district court's Rule 29 ruling and its ruling allowing the government to reopen the case. By addressing these underlying legal assumptions, we do not intend to undermine the long standing principle referred to in *Heller.*