65 F.3d 167
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jackie A. BARTLETT, Defendant-Appellant.
 No. 94-5453.
 United States Court of Appeals, Fourth Circuit.
 Argued March 10, 1995.
Decided Sept. 8, 1995.
 
 ARGUED: William Harvey Leslie, Asheville, NC, for Appellant. Aitan Dror Goelman, UNITED STATES DEPARTMENT OF JUSTICE, Washington, DC, for Appellee. ON BRIEF: Mark T. Calloway, United States Attorney, Jerry W. Miller, Assistant United States Attorney, UNITED STATES DEPARTMENT OF JUSTICE, Washington, DC, for Appellee.
 Before ERVIN, Chief Judge, RUSSELL, Circuit Judge, and WILLIAMS, United States District Judge for the District of Maryland, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Jackie Bartlett challenges both his conviction and his sentence for illegal possession of a firearm by a felon in violation of 18 U.S.C. Sec. 922(g)(1). Bartlett first contends that the government's failure to prove that his civil right to possess a firearm had not been restored required a verdict of acquittal. With respect to the sentence imposed, Bartlett claims that the government should not have been allowed to rely on a 1980 breaking and entering conviction to enhance his conviction under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. Sec. 924(e). Specifically, Bartlett maintains that because more than five years had passed since his 1980 conviction, his civil right to possess a firearm had been restored and the offense could not form the basis for enhanced sentencing under Sec. 924(e). Finding that Bartlett's civil rights under North Carolina law had not been restored prior to his arrest, we affirm Bartlett's conviction and sentence.
 
 I.
 
 2
 Ever since his teenage years in the early 1970s, Jackie Bartlett has been in serious trouble with the law. Between 1972 and 1991, he was convicted of 36 felonies. In 1984 alone, Bartlett committed thirteen felonies. Since that time, he has either been in custody, on parole, or on probation for a variety of serious and petty offenses. See, e.g., Joint Appendix, at 166 (documenting June 1988 illegal possession of a pistol); id. at 167-71 (listing other 1988 offenses, including five counts of breaking and entering, eight counts of larceny, and one count of carrying a concealed weapon). According to the presentence report prepared in this case, since 1980 Bartlett has not gone more than three years without adding an additional felony conviction to his record.
 
 
 3
 Section 922(g) charges were brought against Bartlett in July 1991 based on the discovery of two firearms at his principal residence. At trial, the government's two primary witnesses--Bartlett's girlfriend, Brenda Stafford, and his girlfriend's mother, Maude Burleson--provided the critical evidence linking Bartlett to a shotgun and a .22 caliber derringer.* Stafford testified that Bartlett had brought the shotgun to her house on one occasion, at which time she told him not to leave it "laying around her house." The next time Stafford saw the shotgun, it was in the backseat of Bartlett's car the day that Bartlett, Stafford, and Stafford's four children were moving into a new home. Out of concern for the safety of her children, Stafford contacted the police. When officers searched Bartlett's residence on July 13, 1991, they found the shotgun concealed within a bar in the kitchen. Bartlett does not dispute that the shotgun was fully operational. Although Bartlett's fingerprints did not appear on the gun, he was arrested, and later indicted, on the charge of illegal possession of a firearm by a convicted felon. See 18 U.S.C. Sec. 922(g)(1).
 
 
 4
 In November 1993, a jury found Bartlett guilty of illegally possessing the shotgun. As a result of three prior "violent felony" convictions, Bartlett was sentenced under ACCA, 18 U.S.C. Sec. 924(e), to the statutory minimum of fifteen years in prison. This timely appeal followed.
 
 II.
 
 5
 Bartlett's first claim on appeal is that his civil rights had been restored under North Carolina law prior to his 1991 arrest and that, as a result, he had an affirmative right to possess a firearm. Were that the case, it would have been improper to convict Bartlett of illegal firearm possession under 18 U.S.C. Sec. 922(g). Whether Bartlett's civil rights had been restored under North Carolina law is a question of law that we review de novo. United States v. Clark, 993 F.2d 402, 403-05 (4th Cir.1993); United States v. Maness, 23 F.3d 1006, 1008 (6th Cir.), cert. denied, 115 S.Ct. 271 (1994).
 
 
 6
 A convicted felon has a number of rights taken away from him, denying him full status as a citizen of his home state and of this country. One of the limitations placed on the rights of a convicted felon is that he may not possess a firearm. The relevant statutory provision states:
 
 
 7
 It shall be unlawful for any person--
 
 
 8
 (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year
 
 
 9
 * * *
 
 
 10
 to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.
 
 
 11
 18 U.S.C. Sec. 922(g)(1). The prohibition on firearm possession is not permanent, however, and once a conviction has been fully discharged, the former felon is entitled to reclaim his rights of citizenry. The issue in this case is whether Bartlett's felony disability had been removed prior to July 13, 1991, thereby restoring his civil right to possess a firearm.
 
 
 12
 Bartlett argues that he could not have violated Sec. 922(g)(1), because North Carolina law did not prevent him from possessing a shotgun in his own home. Both Bartlett and the government recognize that North Carolina law, rather than federal law, controls when evaluating the civil rights of a felon. Clark, 993 F.2d at 404-05; United States v. Reedy, 990 F.2d 167, 171 (4th Cir.) ("The question whether a felon's civil rights have been restored is, of course, a question of state law."), cert. denied, 114 S.Ct. 210 (1993). Regardless of the state law that applies, we require that the government prove as an element of its case that the state has not restored the defendant's civil rights for the predicate felony. United States v. Essick, 935 F.2d 28, 31 (4th Cir.1991).
 
 
 13
 Here, the government's task was eased by the fact that Bartlett had stipulated to the fact that he "is a prohibited person. That is, a person who has been convicted of a criminal offense punishable by more than one year in prison. And, therefore, is prohibited from possessing a firearm." Joint Appendix, at 22. As in Reedy, the government had no reason to present evidence that would have duplicated the stipulated facts. Reedy, 990 F.2d at 169. "The government justifiably relied on the stipulation not only as proof that [Bartlett] had been convicted of a prior felony, but also as proof of the Essick element: that [Bartlett's] civil rights had not been restored for that felony." Id. In Clark, we held that the defendant's stipulation that he had been "previously convicted of a crime punishable by imprisonment for a term exceeding one year," 993 F.2d at 405, was sufficient to "relieve the government of any obligation of proving any aspect of that element, including the aspect that the defendant's civil rights had not been restored." Id. at 406. The stipulation in this case is substantially similar to the one in Clark. Bartlett, therefore, has conceded that his civil rights had not been restored at the time of his arrest for illegal possession of a firearm by a felon. Thus, his challenge to his conviction fails.
 
 III.
 
 14
 Bartlett's second challenge is to the district court's application of the Armed Career Criminal Act (ACCA), which resulted in his receiving a fifteen-year prison sentence. The specific question of whether a defendant's conviction for breaking and entering can serve as a valid conviction for enhanced sentencing under Sec. 924(e) would, like the civil rights issue addressed above, generally be a question reviewed de novo at the appellate level. Here, however, Bartlett never objected at trial to the consideration of his 1980 breaking and entering conviction. We, therefore, review the district court's decision only for plain error. United States v. Olano, --- U.S. ----, 113 S.Ct. 1770 (1993). In applying this standard, "we will exercise our discretionary remedial power to correct only: (1) an error; (2) which is plain; (3) which affects substantial rights; and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Childress, 26 F.3d 498, 502 (4th Cir.1994) (quoting Olano, 113 S.Ct. at 1777-79), cert. denied, 115 S.Ct. 1115 (1995). A finding of plain error is "limited to only those cases involving errors so egregious that they necessarily undermine the fundamental fairness of the trial or contribute to a miscarriage of justice." Childress, 26 F.3d at 503-04; United States v. Young, 470 U.S. 1, 15 (1985).
 
 
 15
 Because reversal of a district court is not an option unless all four elements of the Olano test are met, we need only determine that Bartlett has failed to satisfy one prong of the Olano test in order to affirm his sentence. We are convinced that the district court's decision to make use of Bartlett's 1980 conviction during the sentencing phase of trial did not affect the defendant's substantial rights. Even assuming arguendo that Bartlett's civil rights had been restored with respect to the 1980 breaking and entering conviction, the defendant had committed a series of other violent felonies that equally restrained his civil rights. The government could have substituted any one of a number of other offenses for the disputed 1980 breaking and entering conviction. On December 7, 1984, for instance, Bartlett was convicted on six counts of breaking and entering--none of which have been discharged from his record. Bartlett ignores the nearly two dozen felony convictions that he has accrued since 1980. These convictions have not been expunged from his record and are just as effective in limiting his right to possess a firearm and in serving as predicate offenses for a sentence enhancement as the 1980 conviction.
 
 
 16
 Enhancement under Sec. 924(e) was appropriate because the government proved the existence of three predicate crimes of violence. Section 924(e) provides in pertinent part:
 
 
 17
 In the case of a person who violated section 922(g) of this Title and has three previous convictions by any court referred to in section 922(g)(1) of this Title for a violent or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than 15 years....
 
 
 18
 18 U.S.C. Sec. 924(e). Because ACCA requires that the convictions used be the type referenced in Sec. 922(g)(1), only violent crimes punishable by imprisonment for at least one year are relevant. Title 18 of the United States Code includes an important caveat, however, that limits the types of felonies that can serve as predicate offenses. Codified at Sec. 921(a)(20), the Firearms Owners' Protection Act of 1986 (FOPA) states that "[a]ny conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter."
 
 
 19
 Our decision in Clark is directly applicable to our present discussion of the interrelation between Secs. 921(a)(20) and 924(e). In Clark, we adopted the Tenth Circuit's position that "effective, not merely formal, restoration of rights" is required to render a prior conviction unavailable for consideration under Sec. 924(e). Clark, 993 F.2d at 405 (citing United States v. Burns, 934 F.2d 1157 (10th Cir.1991), cert. denied, 502 U.S. 1124 (1992)). We held that if a conviction is to be excluded, "the restoration of civil rights must include the right to possess firearms." Clark, 993 F.2d at 405. Here, as in Clark, the defendant's convictions cannot be considered in isolation from one another. Our decision in Clark is precisely on point:
 
 
 20
 [I]f we were to consider Clark's first three breaking and entering convictions in isolation, we would conclude that his civil rights were in fact restored more than five years before the offenses in this case, and therefore, theoretically, his right to possess a firearm would also have been restored. But in determining whether Clark's right to possess firearms has in fact been restored, we cannot consider his prior convictions in isolation.... We believe that it would undermine the entire purpose of section 924(e), designed to respond to recidivist conduct, to isolate each offense and project what would have happened in the absence of the other offenses.
 
 
 21
 Id. Like Clark, Bartlett "has never remained free of crime for any lengthy period, and surely never long enough for North Carolina law to restore to him his civil rights and right to possess firearms." Id.
 
 
 22
 Bartlett's suggestion that an enhancement is not proper because his conviction for breaking and entering does not constitute a violent offense is also without merit. As we recognized in United States v. Bowden, 975 F.2d 1080 (4th Cir.1992), cert. denied, 113 S.Ct. 1351 (1993), the Supreme Court's decision in United States v. Taylor, 495 U.S. 575 (1990), broadened the definition of burglary in Sec. 924(e)(2)(B)(ii). See Bowden, 975 F.2d at 1083; Maness, 23 F.3d at 1008. In Taylor, the Court stated: "We believe that Congress meant by 'burglary' the generic sense in which the term is now used in the criminal codes of most states ... [including] the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." Taylor, 495 U.S. at 598. Neither this court nor the Supreme Court has held, as Bartlett suggests, that there must be a threat of injury in order for a crime to qualify as a burglary. Accordingly, we find that the district court did not commit plain error in determining that Bartlett's breaking and entering conviction constituted a burglary for purposes of Sec. 922(g). See Bowden, 975 F.2d 1080 (holding that breaking and entering is properly construed as a crime of violence for purposes of the armed career criminal enhancement).
 
 
 23
 Relevant North Carolina law further bolsters the government's position that Bartlett is not entitled to possess firearms. Specifically, Bartlett misreads N.C.Gen.Stat. Sec. 14-415.1 which provides more than one basis for prohibiting felons from possessing firearms. The statute provides that it shall be unlawful for a former felon to
 
 
 24
 purchase, own, possess, or have in his custody, care or control any handgun or other firearm with a barrel length of less than 18 inches or an overall length of less than 26 inches ... within five years from the date of such conviction, or the unconditional discharge from a correctional institution, or termination of a suspended sentence, probation, or parole upon such conviction, whichever is later.
 
 
 25
 Id. (emphasis added). Bartlett focuses on the first part of the statute and completely ignores that he must also satisfy the requirement of not being on probation or parole. As we noted recently in United States v. Thomas, 52 F.3d 82 (4th Cir.1995), a felon's civil right to possess a firearm cannot be restored under the North Carolina Felony Firearms Act until five years after "his ... conviction or his unconditional discharge from probation or parole, whichever is later." Id. at 84 (emphasis added) (citing N.C.Gen.Stat. Sec. 14-451.1); see also Essick, 935 F.2d at 31 (noting that the fact that five years had passed from the time of a defendant's initial conviction did not necessarily mean that defendant's civil rights were restored prior to arrest on Sec. 922(g) charges). Bartlett does not dispute that he was on parole at the time of his 1991 arrest and also that he had committed a series of other felonies between 1980 and 1991. Consequently, although over five years had elapsed since his 1980 conviction for breaking and entering, Bartlett's probationary status had not been lifted due to his continued felonious activity. Like Clark, this is an instance in which North Carolina law has continuously barred a felon from carrying a firearm since his initial felony conviction. Clark, 993 F.2d at 405. As such, we find that Bartlett's civil right to possess a firearm had not been restored by the time of his 1991 arrest for illegal possession.
 
 IV.
 
 26
 Bartlett has, in effect, asked us to consider his 1980 conviction in a vacuum and to ignore the remainder of his criminal record. After Clark, we no longer consider portions of a defendant's record in isolation when making a Sec. 924(e) determination. See Clark, 993 F.2d at 404-06 (rejecting defendant's claim that once five-year period expires, civil rights are restored regardless of whether the five-year period has overlapped with successive convictions). Bartlett's conviction and sentence are accordingly
 
 
 27
 AFFIRMED.
 
 
 
 *
 Bartlett was acquitted on charges stemming from the possession of the derringer