UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                               No. 97-4857

VINCENT G. OSBORNE,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, District Judge.
(CR-97-75)

Submitted: February 16, 1999

Decided: March 9, 1999

Before WIDENER, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John M. Hassett, Baltimore, Maryland, for Appellant. Lynne A. Bat-
taglia, United States Attorney, Tarra DeShields-Minnis, Assistant
United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

PER CURIAM:

Vincent G. Osborne appeals his conviction for possession of a fire- arm by a felon, in violation of 18 U.S.C.A. § 922(g) (West Supp. 1998). On appeal, he challenges the validity of his indictment. The Government filed a motion to dismiss the appeal as untimely filed. We remanded the case for a finding as to whether there was excusable neglect sufficient to warrant an extension of the appeal period. The district court found on remand that Osborne had shown excusable neglect, and therefore, his notice of appeal was timely filed. The Gov- ernment has not challenged this finding. Thus, we deny the motion to dismiss and consider the appeal on the merits.

Osborne maintains that the indictment under which he was con- victed failed to allege the essential elements of his charge. Specifi- cally, he avers that the indictment failed to allege as an element of § 922(g) that Osborne's civil rights had not been restored following his prior felony conviction.

An indictment must apprise the accused of the essential elements of each charge against him. See United States v. Pupo, 841 F.2d 1235, 1239 (4th Cir. 1988). The sufficiency of an indictment is determined by practical, not technical, considerations. See United States v. Cobb, 905 F.2d 784, 790 (4th Cir. 1990). Ordinarily, an indictment which follows the language of the underlying criminal statute is valid. See United States v. American Waste Fibers, 809 F.2d 1044, 1046 (4th Cir. 1987).

Osborne raises this claim for the first time on appeal. "Because [Osborne's] objection to this indictment was made after the jury ren- dered its verdict, any review for alleged defect is to be reviewed, if at all, under a liberal standard and `every intendment is . . . indulged in support of the sufficiency.'" United States v. Fogel, 901 F.2d 23, 25 (4th Cir. 1990) (quoting Finn v. United States, 256 F.2d 304, 306-07 (4th Cir. 1958)). Thus, we determine "only whether the neces- sary facts appear in any form, or by a fair construction can be found within [its] terms." United States v. Vogt, 910 F.2d 1184, 1201 (4th Cir. 1990) (quotations omitted).

The indictment alleged that Osborne, "having been previously con- victed of one or more crimes punishable by imprisonment for a term

2

exceeding one year, did knowingly, intentionally, and unlawfully possess [a] firearm." We find that the indictment tracked the language of the relevant statute and sufficiently informed Osborne of the essential elements of the charges against him. See 18 U.S.C.A. § 922(g)(1).

Further, we have explicitly found that "lack of restoration of civil rights . . . is not an element of the offense stated in § 922(g)." United States v. Clark, 993 F.2d 402, 406 (4th Cir. 1993). The Clark court held that the lack of the restoration of the right to possess a firearm was simply a definitional component of the essential element that the accused have been previously convicted of a felony. This element is further defined at 18 U.S.C.A. § 921(a)(20) (West Supp. 1998) to exclude any conviction for which a person has had his civil rights restored. See Clark, 993 F.2d at 405; see also United States v. Bartelho, 71 F.3d 436, 440 & n.1 (1st Cir. 1995) (holding that § 921(a)(20) is a legal definition and may provide an affirmative defense, but does not burden the Government with refuting that the defendant had his prior convictions nullified or his civil rights restored in every case). Thus, the Government sufficiently alleged the necessary element that Osborne was previously convicted of a felony.*

_____

*Osborne's claim that the indictment was deficient in failing to allege that his civil rights had not been restored following his felony conviction is based upon this court's decision in United States v. Essick, 935 F.2d 28 (4th Cir. 1991). In Essick, we held that, because North Carolina law automatically restores a convicted felon's right to possess a firearm five years after his prison release date, the Government, when prosecuting a § 922(g)(1) offense based upon a defendant's prior North Carolina felony conviction, must additionally prove that the felony was committed within five years of the § 922(g)(1) charge. See Essick, 935 F.2d at 31.

Essick is not immediately applicable, however, because Essick concerned the sufficiency of the evidence at trial rather than the sufficiency of an indictment which, as discussed above, is reviewed under a very liberal standard. In addition, this court has revisited Essick and limited it to cases involving an underlying conviction that might have been subject to an automatic restoration provision. See United States v. Thomas, 52 F.3d 82, 85 (4th Cir. 1995). In Thomas, we held that Essick applies only in circumstances where the underlying felony was a North Carolina conviction that occurred more than five years prior to the defendant's firearm pos-

3

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

session. The Thomas court additionally found that the Essick burden of proof specifically did not apply when the underlying North Carolina felony conviction was less than five years old. In such a case, "the government did not have the burden of proving independently the additional fact that Thomas' civil rights had not been restored." 52 F.3d at 85; see also Almond v. United States, 854 F.Supp. 439, 444 (W.D. Va. 1994) (holding that, because Virginia requires an affirmative petition by a felon to regain the right to keep firearms, "a § 922(g) indictment based on prior felony convictions under Virginia law need not allege that the defendant has not yet been restored his civil rights"). Because Osborne does not allege on appeal that his underlying conviction was subject to an automatic restoration provision and because the record is silent as to the place and circumstances of Osborne's predicate felony, we decline to address the issue of whether Essick extends to cases challenging the sufficiency of the indictment. See United States v. Jackson , 57 F.3d 1012, 1017 (11th Cir. 1995) (declining to extend Essick).

4