UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

No. 02-4704

RONALD DARRELL NEELY,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
James C. Turk, Senior District Judge.
(CR-02-34)

Submitted: April 15, 2003

Decided: April 30, 2003

Before MICHAEL, TRAXLER, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Charles R. Allen, Jr., Roanoke, Virginia, for Appellant. John L. Brownlee, United States Attorney, Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Following a jury trial, Ronald Darrell Neely was convicted on one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000). The district court sentenced Neely to seventy-two months in prison. Neely appeals, raising three grounds of error. Finding no merit to his claims, we affirm his conviction.

Neely filed a motion to proceed pro se and be appointed standby counsel; the court granted the motion. On appeal, Neely argues that the court erred by denying his motion for access to legal resources. The government must provide a criminal defendant with access to an adequate law library or adequate access to counsel, but not both. *Bounds v. Smith*, 430 U.S. 817, 828 (1977); *Williams v. Leeke*, 584 F.2d 1336, 1339 (4th Cir. 1978). Where a defendant has elected to proceed pro se in a criminal case, he can be required to rely on standby counsel to overcome any research handicaps due to incarceration. *United States v. Chatman*, 584 F.2d 1358, 1360 (4th Cir. 1978). Because Neely had standby counsel available to assist him, we find that the district court did not err by denying his motion for access to legal resources.

Next, Neely claims that the district court erred by denying his motion for judgment of acquittal because the government failed to establish that his civil rights had not been restored. The lack of restoration of civil rights is not an element of the offense stated in § 922(g), but is a component of the element under § 922(g) that the accused was convicted in any court of a crime punishable by more than a year in prison. *United States v. Clark*, 993 F.2d 402, 406 (4th Cir. 1993). Under 18 U.S.C. § 921(a)(20) (2000), a crime punishable by a prison term exceeding one year does not include "[a]ny conviction . . . for which a person . . . has had civil rights restored . . . unless such . . . restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." Thus, in every § 922(g)(1) prosecution, the court must determine whether the jurisdiction in which the predicate conviction occurred restores felons' civil rights. *United States v. Essick*, 935 F.2d 28, 30 (4th Cir. 1991).

In Virginia, felons' civil rights are not automatically restored by the passage of time. To regain his rights, a felon must receive a pardon from the governor. Va. Const. art. V, § 12. Accordingly, we find that the government was not required to prove that Neely's civil rights had not been restored and the district court did not err by denying the motion for judgment of acquittal. *Cf. United States v. Thomas*, 52 F.3d 82, 85 (4th Cir. 1995) (government not required to prove that defendant's civil rights had not been restored where predicate North Carolina offense was committed within five years of § 922 crime and therefore did not trigger North Carolina's automatic restoration of civil rights).

Finally, Neely argues that the district court erred by failing to declare a mistrial when the government commented in closing arguments that Neely had not testified. The government made the remark when it objected to Neely commenting (falsely) in his pro se closing argument that he was in the military and that his unit was the first to respond to the scene of the crash of the hijacked airplane in Pennsylvania on September 11, 2001.

The prosecutor's remarks were isolated, consisting of two sentences at the end of closing arguments, made in response to Neely's closing argument. The remarks were not made deliberately to divert the jury's attention to extraneous matter. Absent these remarks, there was strong proof that Neely was guilty, namely unrefuted evidence presented at trial that Neely possessed a firearm in Virginia that had traveled in interstate commerce and that Neely was a convicted felon. Moreover, the court twice instructed the jury that Neely had the right not to testify and that the jury could not make adverse inferences from his exercise of that right. Under these circumstances, we find that Neely was not prejudiced by the prosecutor's remarks. *United States v. Harrison*, 716 F.2d 1050, 1052 (4th Cir. 1983).

For these reasons, we affirm Neely's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*